**Isaac RASKAS, Plaintiff,**

v.

**SUPREME EQUIPMENT & SYSTEMS CORPORATION et al., Defendants.**

No. 75 C 117.

United States District Court,
E. D. New York.

July 30, 1976.

Bennett Frankel, P. C., New York City, for plaintiff.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for certain defendants.

### MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Defendants have moved for summary judgment in this action brought under § 10(b) of the Securities Exchange Act of 1934 and S.E.C. Rule 10b–5 by a small private investor against a corporation and its directors. Defendants' earlier motion to

---

9. Rule 24(b), Fed.R.Civ.P.

dismiss the complaint for legal insufficiency was denied by Judge Costantino on October 14, 1975.

Defendants now seek summary judgment on similar grounds, but hope that two recent developments will now lead to a result in their favor. First, defendants argue that plaintiff's testimony given in his deposition of March 23, 1976 has unequivocally refuted plaintiff's claim that he relied on a certain allegedly false interim report issued by defendant. Second, defendants contend that the recent Supreme Court decision in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), has restricted permissible pleading under Rule 10b–5, that plaintiff has not met this new restrictive standard, and that he should not be allowed to replead.

■ On the first point, plaintiff's counsel conceded on oral argument the legal proposition that if plaintiff did not in fact rely on the allegedly false interim report, then this 10b–5 action must be dismissed. Consequently, if plaintiff's deposition testimony unequivocally demonstrates that plaintiff did not rely on the allegedly false interim report, that testimony alone could support judgment against plaintiff. *Bennett v. Flanigon,* 220 F.2d 799 (CA 7 1955).

Plaintiff's case seems to rest upon his claim that he purchased defendant's stock in reliance upon certain statements as to the company's financial ability contained in a six month report for the period ending January 31, 1973. He testified that he had received a tip on the stock from some of defendant's employees who showed him two quarterly reports "about 1973". Although plaintiff said he did not believe he saw a six month report, he added, "the only reports I saw that this particular fellow had brought in were two quarterly reports *of the same year.* I think it must have been of the same year because when he brought them in, I assumed they were of that year." (Raskas deposition, p. 8).

Since the key report in which plaintiff charges there were false representations is not a quarterly report, but the six month report, defendants seize upon this differ-

ence ·in their attempt to obtain summary dismissal of the complaint. A reading of plaintiff's entire testimony on the deposition, however, leaves the Court in doubt on the question of whether plaintiff did rely on the crucial six month report. When, on page 19, he was shown a group of seven interim reports, all of which had been produced by plaintiff at the deposition, he stated clearly that he had not received those reports when he bought the stock. On the contrary, after he had bought his stock, he called the company and complained because he had not received the reports. It may well be that those particular reports, or at least the ones applicable to periods prior to the telephone call, were the ones sent to him in response to the telephone call.

Plaintiff testified that he did see "quarterly" reports. Examination of the "quarterly" reports and the "six month" report indicates that the two types of reports are virtually identical in form and content. Whether or not plaintiff distinguished between them must be developed on a trial.

The testimony of plaintiff, taken as a whole, does not clearly negate plaintiff's present position that the crucial six month report was one of those which had been shown to him by employees of the defendant corporation. If the only evidence at a trial were to be this testimony of plaintiff, the Court doubts whether plaintiff would be able to succeed in establishing his claim of reliance. There may well be, however, additional evidence available to plaintiff (for example, the testimony of the employees who showed him the reports), and such evidence might well be sufficient to establish plaintiff's claim. In any event, the papers before the Court are not sufficiently clear to warrant summary dismissal of the complaint on the ground that plaintiff did not rely on the six month report.

■ Defendants' second and independent argument in favor of summary judgment is that the recent decision in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), requires that actual knowledge, and not mere negligence, be

674

pleaded in a 10b–5 action. . Plaintiff has made only a boiler plate allegation of scienter, that defendants "knew or should have known" about the alleged inaccuracies in the six month report. Consequently, defendants argue, the pleading is insufficient.

Plaintiff responds that defendants improperly seek to reargue the motion decided by Judge Costantino.

In answer to this contention, *Ernst & Ernst* requires that many 10b–5 cases be reassessed, and I do not find defendants' reassertion of argument concerning scienter to be inappropriate at this time, particularly since Judge Costantino gave no reason for his denial of the prior motion.

Looking at the pleading in question in the light of *Ernst & Ernst,* I note that plaintiff's only allegation of scienter is his alternative pleading that (1) defendants knew of the falsity *or* (2) defendants should have known about it. Under *Ernst & Ernst,* an allegation of actual knowledge is sufficient. While FRCP Rule 9(b) requires that the circumstances constituting fraud shall be stated in a pleading with particularity, that same rule expressly authorizes "knowledge" to be averred generally. Consequently, plaintiff's allegation that defendants "knew" of the falsity of their representations is sufficient even under the most strict view of the scienter requirement.

The fact that plaintiff coupled his allegation of actual knowledge with an alternative charge of constructive knowledge (*i. e.,* "knew *or* should have known") does not render his pleading insufficient. FRCP Rule 8(e)(2) provides, in part:

> "When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

Thus, plaintiff's alternative pleading of actual knowledge is sufficient. *Heit v. Weitzen,* 402 F.2d 909 (CA 2 1968), cert. den., 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969), and *Sprayregen v. Livingston Oil Co.,* 295 F.Supp. 1376 (S.D.N.Y.1968). Accordingly, defendants' motion for summary judgment must be denied.

SO ORDERED.