Myra GROSS, Plaintiff,

v.

DIVERSIFIED MORTGAGE INVESTORS
et al., Defendants.

Harry LEWIS, Plaintiff,

v.

Gordon E. EMERSON, Jr., et
al., Defendants.

Abraham WECHSLER, on behalf of
himself and all others similarly
situated, Plaintiff,

v.

DIVERSIFIED MORTGAGE INVESTORS
et al., Defendants.

Michael C. DUBAN, Individually and as
Trustee for Saul and Gertrude Duban
U/T/D March 6, 1972, and Roberta Du-
ban as Custodian for Lauren Duban and
Melissa Duban, minors, on behalf of
themselves and as a Class, Plaintiffs,

v.

DIVERSIFIED MORTGAGE INVESTORS
et al., Defendants.

Nos. 75 Civ. 1806, 75 Civ. 1001, 75 Civ.
1745 and 74 Civ. 3035.

United States District Court,
S. D. New York.

Feb. 25, 1977.

Snow & Becker, Charles Snow, New York City, for plaintiffs Michael Duban et al., and Anne Meyer.

Cole & Deitz, Albert D. Jordan, New York City, for defendants Continental Inv. Corp. and Diversified Advisors, Inc.

Eliot H. Lumbard, New York City, for defendants Hornblower & Weeks-Hemphill, Noyes Inc. and Blancke Noyes.

Dewey, Ballantine, Bushby, Palmer & Wood, Hugh N. Fryer, New York City, for defendant Price, Waterhouse & Co.

Burns, Jackson, Miller, Summit & Jacoby, Stuart A. Summit, Gary L. Maddock, New York City, Gaston Snow and Ely Bartlett, Peter Saparoff, Boston, Mass., for defend-

ants Diversified Mortg. Investors, Julius Jensen III, Gordon E. Emerson, Jr., George M. Lovejoy, Jr., James V. Rice, Bayard Henry, William Royce Moore, William E. Palmer, Bernie O. Snoddy and R. M. Norris.

Kass, Goodkind, Wechsler & Gerstein, Stuart Wechsler, New York City, for plaintiff Wechsler.

Wolf, Popper, Ross, Wolf & Jones, Eric L. Keisman, New York City, for plaintiff Gross.

Stull, Stull & Brody, Robert Stull, New York City, for plaintiff Lewis.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

These four actions have been brought under various provisions of the securities laws on behalf of certain purchasers of the stock of Diversified Mortgage Investors ("DMI"). Defendant DMI is a real estate investment trust within the meaning of Sections 856 through 858 of the Internal Revenue Code of 1954, as amended, organized under the laws of the State of Massachusetts. At all times material to these actions, DMI's shares have been listed and traded on the New York Stock Exchange. Other defendants in some of these actions include: Diversified Advisers, Inc., the investment adviser and manager of DMI; Continental Investment Corp., the parent of Diversified Advisers, Inc. and the sponsor and a parent of DMI; various individual directors, trustees and officers of these corporate defendants; and Price, Waterhouse & Co. a certified public accounting firm which acted as the independent auditors of DMI during the relevant period of these actions.

Plaintiffs claim generally that the various defendants' misrepresentations and omissions caused the overvaluation of DMI's securities and concealed its true condition from the public, causing these plaintiffs and others to buy such securities at inflated prices and, because of the decline of the market price of DMI's shares, to suffer losses. They allege that the acts and practices constituting violations which are

the basis of their complaints occurred in part in the Southern District of New York. Each of the plaintiff's complaints in the four actions assert that the individual plaintiff is acting on behalf of a class. The plaintiffs in the *Duban* and *Lewis* actions move pursuant to Rule 23(b) Fed.R.Civ.P. for class action certification claiming to represent all persons similarly situated who purchased the stock of DMI during the period of alleged wrongful conduct and who were damaged by the wrongful conduct.

Certain of the defendants in each of the actions move, pursuant to Rule 42(a) Fed.R. Civ.P., to consolidate these actions for pretrial purposes. They claim that the four actions are related in that each attacks certain reports and financial statements of DMI, each involves substantially the same defendants, and each purports to be a class action and alleges classes involving the same or overlapping time periods. Plaintiffs Gross, Wechsler, and Duban, in the event the consolidation motion is granted, move for appointment of co-lead counsel the law firms of Snow & Becker and Kass, Goodkind, Wechsler & Gerstein. Plaintiff Lewis cross-moves for the appointment of Stull, Stull & Brody as general counsel.

Because of the court's decision to dismiss the complaint or parts of the complaint in each of these actions, the court reserves decision on the class action motions and extends the time if the defendants reply to those motions until twenty days after the filing of the amended complaints. Similarly, the court will defer consideration of the consolidation and appointment of lead counsel motions until after the filing of the amended complaints. In this way the court may determine these motions and the adequacy of the complaints with respect to all the defendants at the same time.

### Gross v. DMI

In this action alleging violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. 240.10b–5, most of the defendants move, pursuant to Rule 12(b)(6) Fed.R. Civ.P., to dismiss the complaint for failure

to state a claim upon which relief may be granted and for failure to state a claim with the particularity required by Rule 9(b) Fed.R.Civ.P. This court has jurisdiction of this action pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

The complaint contains two claims. The first claim seeks relief from all defendants except Price, Waterhouse & Co. ("Price Waterhouse"). The second claim is brought against Price Waterhouse only.

*First Claim*

■ Focusing on the first claim and the motion to dismiss for failure to set forth a claim with the particularity required by Rule 9(b) Fed.R.Civ.P., Rule 9(b) provides in part:

■n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

It is established in this Circuit that under Rule 9(b) "mere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5 are insufficient." *Shemtob v. Shearson, Hammill & Co., Inc.,* 448 F.2d 442, 444 (2d Cir. 1971); also quoted in *Felton v. Walston & Co., Inc.,* 508 F.2d 577, 580 (2d Cir. 1974); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir. 1972); *Goldberg v. Shapiro,* CCH Fed.Sec.L. Rep. ¶ 94,813 at 96,717 (S.D.N.Y.1974).

■ There are at least three well-recognized purposes for Rule 9(b)'s specificity requirement. The first is to inhibit the filing of a complaint as a pretext for discovery of unknown wrongs. *Segal v. Gordon, supra* at 607–08; *Lewis v. Varnes,* 368 F.Supp. 45, 47 (S.D.N.Y.), *aff'd,* 505 F.2d 785 (2d Cir. 1974). A complaint alleging fraud "should serve to redress a wrong, not to find one." *Segal v. Gordon, supra* at 608. The second aim is to protect potential defendants from the harm that comes to their reputations when they are charged with the commission of acts involving moral turpitude. *Segal v. Gordon, supra* at 607; *Rich v. Touche Ross & Co.,* 68 F.R.D. 243, 245 (S.D.N.Y.1975). Finally, Rule 9(b) serves to ensure that allegations of fraud are con-

crete and particularized enough to give notice to the defendants of what conduct is complained of to enable the defendants to prepare a defense to such a claim of misconduct. *Rich v. Touche Ross & Co., supra* at 245; *Lewis v. Varnes, supra* at 47; *see Felton v. Walston & Co., supra.*

■ Plaintiff's complaint, as are the complaints in the other three actions, is based upon "information and belief." The allegations in these complaints violate the general rule that "Rule 9(b) pleadings cannot be based on information and belief." *Segal v. Gordon, supra* at 608, citing 2A J. Moore's, Federal Practice ¶ 9.03. "While the rule is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of facts upon which the belief is founded." *Id.; accord, Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Rich v. Touche Ross & Co., supra* at 245.

■ Under Rule 9(b), the court must examine the complaint to determine whether it sets forth with particularity "a statement of facts upon which the belief is founded." The complaint in this case in the first cause of action does not satisfy this particularity requirement of Rule 9(b). The complaint in paragraph 15 generally alleges that DMI issued "false and misleading annual and quarterly reports, financial statements and other materials, and filed false and misleading reports with the New York Stock Exchange, the Securities and Exchange Commission and other[s]" dating back to 1969. While some reports are later referred to in somewhat greater detail, it is just this kind of generalized statement in ¶ 15 that must be stricken under Rule 9(b). Instead, there must be a specific identification of what statements were made in what reports and in what respects they were false, misleading or inaccurate or what omissions were made and why the statements made are believed to be misleading. *Rich v. Touche Ross & Co., supra* at 246; *see Felton v. Walston & Co., Inc., supra; Spiegler v. Wills,* 60 F.R.D. 681, 682 (S.D.N.Y.1973).

Plaintiff must state the time, place and content of each financial statement and report which she claims misled her, the manner in which they were alleged to be fraudulent, and what was obtained as a consequence of the fraud.[1] *Rich v. Touche Ross & Co., supra* at 246–47; *Spiegler v. Wills, supra* at 682; *Goldberg v. Shapiro, supra* at 96,717. Additionally, the plaintiff has failed to plead the nature and amount of securities purchased and the specific dates of the transactions as required by Rule 9(b). *See Felton v. Walston & Co., Inc., supra* at 580; *Segal v. Gordon, supra* at 608.

Defendants also attack the first cause of action for failure to state a claim upon which relief can be granted and move to dismiss the complaint under Rule 12(b)(6) Fed.R.Civ.P. Defendants claim that the plaintiff has failed to allege the required scienter to make out a cause of action under § 10(b) and Rule 10b–5. It is settled law "that 'facts amounting to scienter, intent to defraud, reckless disregard for the truth, or knowing use of a device, scheme or artifice to defraud' are essential to the imposition of liability." *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1301 (2d Cir. 1973) (en banc), quoting *Shemtob v. Shearson, Hammill & Co., supra* at 445. Mere negligence is not actionable under Section 10(b) and Rule 10b–5. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *see Cohen v. Franchard Corp.*, 478 F.2d 115, 123 (2d Cir.), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 106 (1973); *Shemtob v. Shearson Hammill & Co., supra* at 445.

Defendants contend that plaintiff's allegation in ¶ 18 of the complaint that "defendants knew, or should have known" of the alleged misdeeds only alleges negligence and fails to allege scienter. *Ernst & Ernst v. Hochfelder, supra*, 96 S.Ct. at 1390–91, only requires an allegation of intentional or willful conduct beyond mere negligence for a § 10(b) and Rule 10b–5 claim. As a result, plaintiff's allegation

that defendants "knew" of the falsity of their representations is a sufficient allegation of scienter under Section 10(b) and Rule 10b–5. *Heit v. Weitzen*, 402 F.2d 909, 914 (2d Cir. 1968), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969); *Lewis v. Marine Midland Grace Trust Co.*, 63 F.R.D. 39, 44 (S.D.N.Y.1973); *Raskas v. Supreme Equipment & Systems Corp.*, 71 F.R.D. 672 at 674 (E.D.N.Y.1976); *Oleck v. Fischer*, 401 F.Supp. 651 (S.D.N.Y.1975); *but see contra Rich v. Touche Ross & Co.*, 415 F.Supp. 95 (S.D.N.Y.1976); *Vogel v. Brown*, CCH Fed.Sec.L.Rep. ¶ 94,831 (S.D. N.Y.1974). Plaintiff's general allegation of knowledge complies with Rule 9(b) Fed.R. Civ.P. While that Rule requires that circumstances constituting fraud be stated with particularity, the same Rule expressly authorizes "knowledge, and other conditions of mind may be averred generally." The fact that plaintiff's complaint may be read as alternatively pleading actual knowledge and constructive knowledge (i.e., "knew, or should have known") does not render her pleading insufficient, as Rule 8(e)(2) Fed.R. Civ.P. specifically allows for such pleading in the alternative. *Raskas v. Supreme Equipment, supra* at 674.

*Second Claim*

The motions of defendant Price Waterhouse attack the second claim of the complaint on the same ground that the other defendants attack the first claim. Under a Rule 9(b) attack the court recognizes that the protection of Rule 9(b) is particularly important where the defendants are accountants and other professionals whose reputations in their field of expertise are most sensitive to slander. *Rich v. Touche Ross & Co., supra* at 245; *see Felton v. Walston & Co., supra* at 581–82. The complaint as to Price Waterhouse, as with the other defendants, fails to meet the particularity requirement of Rule 9(b).

The complaint fails to identify with the specificity required by Rule 9(b) what

---

1. Plaintiff's reference in ¶ 19 and 24 to certain reports as examples of the misleading content in all the reports is an insufficient statement of particularity for each report as required under Rule 9(b).

financial statements were certified by Price Waterhouse and in what respects those statements were false and misleading. An accountant is not a guarantor of the reports he prepares and is only duty bound to act honestly and with reasonable care in the discharge of his professional obligations *Rich v. Touche Ross, supra* at 247; *SEC v. Republic National Life Insurance Co.,* 378 F.Supp. 430, 440 (S.D.N.Y.1974). Therefore, the elements of fraud must be set forth with particularity to show a fraudulent breach of duty. *Id.*

■ The second claim in the complaint, against Price Waterhouse only, repeats and realleges all the allegations set forth in the first claim against the other defendants. Insofar as the first claim failed to satisfy the particularity requirement of Rule 9(b), that infirmity carries over to the second claim. Furthermore, the allegations in the first claim against the other defendants cannot operate as a substitute for the Rule 9(b) requirement to allege facts and circumstances constituting fraud on the part of Price Waterhouse. *See Rich v. Touche Ross & Co., supra,* 68 F.R.D. at 246–47; *Goldberg v. Shapiro, supra* at 96,717. Plaintiff must allege with particularity what errors or omissions Price Waterhouse has made and how it failed to conduct a proper audit of DMI.

Defendant Price Waterhouse also moves, pursuant to Rule 12(b)(6), to dismiss the second claim for failure to allege scienter as required to establish liability under § 10(b) and Rule 10b–5 of the securities laws. Paragraph 36 of the complaint alleges that Price, Waterhouse "knew, or should have known" of the misconduct. As already set forth, this alternative allegation of actual knowledge satisfied the scienter requirement of *Ernst & Ernst v. Hochfelder.*

In conclusion, therefore, the defendants' motions to dismiss the first and second claims of the complaint are granted for failure to comply with Rule 9(b) Fed.R. Civ.P. with leave to plaintiff to replead within 30 days from the date of filing of this memorandum decision and order.

Plaintiff, in the event she files an amended complaint, must plead with particularity the publications and reports of DMI that she relied on that were false and misleading, the particular misstatements or omissions in those documents, and her purchase transactions in reliance upon those misrepresentations.

### Lewis v. Emerson

In this action alleging violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, defendant Price Waterhouse moves, pursuant to Rule 12(b)(6) Fed.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief may be granted and for failure to state a claim with the particularity required by Rule 9(b) Fed.R.Civ.P. This court has jurisdiction of this action pursuant to Section 27 of the Securities Exchange Act of 1934.

■ Certain other defendants move, pursuant to Rule 26(c) Fed.R.Civ.P., for a protective order staying discovery on plaintiff's first wave interrogatories on the grounds that these interrogatories are premature and unduly burdensome. In that there are motions outstanding in this case and the other cases seeking consolidation and class action certification, the court grants defendants' motion and stays discovery pending determination of these outstanding motions.

Defendant Price Waterhouse argues that plaintiff's complaint should be dismissed for failure to allege scienter as required for a finding of liability under § 10(b) and Rule 10b–5 of the securities laws and for failure to set forth with particularity the facts and circumstances constituting fraud on the part of Price Waterhouse as required by Rule 9(b). The essential claim against Price Waterhouse is contained in ¶ 19 of the complaint:

Defendant Price Waterhouse, participated in and aided and abetted the acts and practices complained of in that it certified the Annual Report of Diversified for the year 1973 when it knew or should have known that said report con-

tained false or misleading statements or material omissions as hereinabove alleged, among others.

The allegation that Price Waterhouse "knew or should have known" of the misconduct, as discussed in the decision in *Gross v. DMI, supra,* is a sufficient allegation of actual knowledge to satisfy the scienter requirement of § 10(b) and Rule 10b–5. As a result, the complaint cannot be dismissed on this ground.

■ Defendant's motion to dismiss for failure to comply with Rule 9(b), however, must be granted. The importance of the particularity requirement of Rule 9(b), especially in a complaint charging an accountant with fraud, has already been outlined in the decision in *Gross v. DMI, supra.* See *Rich v. Touche Ross & Co., supra; Goldberg v. Shapiro, supra.* In this case, the complaint satisfies the particularity requirement insofar as plaintiff states when he purchased shares of DMI and that he relied on the 1973 Annual Report of DMI which he alleges was certified by Price Waterhouse. However, plaintiff has failed to allege with particularity in the complaint what errors or omissions Price Waterhouse has made or in what manner Price Waterhouse failed to properly perform its duties as auditors of the Annual Report.[2]

Paragraph 19 of the complaint attempts to incorporate by reference the misdeeds of other defendants alleged in other parts of the complaint. These allegations of misconduct by others cannot substitute for specific allegations of facts and circumstances constituting fraud on the part of Price Waterhouse. *see Rich v. Touche Ross & Co., supra,* 68 F.R.D. at 246–47. Plaintiff has failed to give any factual basis or any reason to believe that Price Waterhouse in certifying the 1973 Annual Report was involved in the alleged wrongdoing of the other defendants or in any way acted fraudulently.

Therefore, the complaint as to Price Waterhouse should be dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P. with leave to plaintiff to replead within 30 days from the date of filing of this memorandum decision and order. All references to Price Waterhouse in the complaint should be stricken and plaintiff, if he elects to file an amended complaint, should plead with particularity the facts and circumstances which will support an inference of knowing or culpably ignorant material misstatement or omission by Price Waterhouse. If plaintiff chooses to replead, he is directed to file an entire amended complaint rather than replead only the portions stricken.

### *Wechsler v. DMI*

In this action alleging violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, the defendants move, pursuant to Rule 12(b)(6) Fed.R.Civ.P., to dismiss the complaint for failure to state a claim with the particularity required by Rule 9(b) Fed.R. Civ.P. This court has jurisdiction of this action pursuant to Section 27 of the Securities Exchange Act of 1934.

Defendants also move, pursuant to Rule 12(f) Fed.R.Civ.P., to strike prayer (b) of the complaint requesting punitive damages as impertinent and immaterial. Plaintiff agrees that the claim for punitive damages should be stricken and agrees to amend his complaint to delete that prayer.

Defendants' motion to dismiss for failure to comply with Rule 9(b) is granted. The purpose and requirements of pleading fraud with particularity under Rule 9(b) have already been outlined in the decision in *Gross v. DMI, supra.* In this case the complaint fails to satisfy the Rule 9(b) particularity requirement in several respects. First, the plaintiff has failed to allege when, at what price and under what circumstances plaintiff purchased shares of DMI. *See Felton*

---

**2.** The supporting affidavit of certified public accountant J. Lewis Simon (dated May 23, 1975) does not cure the infirmity of the complaint. The affiant's own belief in ¶ 9, "that conservative accounting principles would re- quire PW to consider and disclose the underlying value behind the loans based upon the facts then in existence" is not itself a particular charge of an act of fraud. *See Lewis v. Black,* 74 F.R.D. 1 (E.D.N.Y.1976).

*v. Walston & Co., Inc., supra,* 508 F.2d at 580; *Segal v. Gordon, supra,* 467 F.2d at 608. Plaintiff should plead with particularity the circumstances of his reliance on any misstatements or omissions and the losses suffered by reason of the misrepresentations.

In addition, the complaint does not set forth with the necessary specificity what reports were made that are alleged to be false and misleading. Instead, the complaint generally attacks statements and filings of DMI over a two year period. Paragraph 11 of the complaint alleges misstatements or omissions "in numerous filings, communications and/or releases." Paragraph 12 makes the same general reference and refers to particular reports only as "example[s]." Plaintiff must state the time, place and content of each statement and report which he claims misled him. *Rich v. Touche Ross & Co., supra,* 68 F.R.D. at 246-47.

Furthermore, even when the complaint refers to specific reports it does not particularly identify in what respects they were false or misleading or what omissions were made and why the statements made are believed to be misleading. *Rich v. Touche Ross & Co., supra* at 246; *see Felton v. Walston & Co., Inc., supra.* Plaintiff has failed to specifically allege the basis upon which he claims that any particular report was fraudulent in any material respect.

As a result, the defendants' motion to dismiss the complaint is granted for failure to comply with Rule 9(b) Fed.R.Civ.P. with leave to plaintiff to replead within 30 days from the date of filing of this memorandum decision and order. Plaintiff, in the event he files an amended complaint, should plead with particularity the reports of DMI that he relied on that were false and misleading, the particular misstatements or omissions in those documents, and the purchase transactions he effectuated by reason of the misrepresentations.

### Duban v. DMI

Plaintiffs in this action allege violations of §§ 11, 12 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l* and 77q(a); §§ 10(b), 18 and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78r and 78t and Rule 10b–5, 17 C.F.R. 240.10b–5; Section 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6; and Section 352–c of the General Business Law of the State of New York. Certain of the defendants move, pursuant to Rule 12(b)(6) and 12(b)(1) Fed.R.Civ.P., to dismiss the entire amended complaint or parts of the amended complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. In the alternative, these defendants move, pursuant to Rule 56 Fed.R.Civ.P., for summary judgment. These defendants also move for attorneys' fees and costs, and they move pursuant to Rule 12(f) Fed.R.Civ.P. to strike the Fourth Cause of Action and Prayer B of the amended complaint for redundancy and immateriality. Defendant William E. Palmer additionally moves to dismiss on the ground that he was not a trustee at the time of the alleged wrongdoing. Anne Meyer moves, pursuant to Rule 24(b)(2) Fed.R.Civ.P., for an order permitting her to intervene as a party plaintiff in this action.

This court has jurisdiction of this action pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–14, and pendent jurisdiction.

### First Cause of Action

Plaintiffs' First Cause of Action alleges violations of § 17(a) of the Securities Act of 1933, and §§ 10(b), 18 and 20 of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Plaintiffs allege that defendants' fraudulent acts occurred "[d]uring the period from on or about February 14, 1973 through June 1974." However, the amended complaint only alleges fraud with the particularity required by Rule 9(b) Fed.R.Civ.P. starting December 6, 1973. Prior to that date the amended complaint does not refer to any misleading re-

ports that were relied upon by the plaintiffs or in what manner these reports were false and misleading. The necessity for the particularity requirement of Rule 9(b) has already been outlined in the decision in *Gross v. DMI, supra.*

■ As a result, any reference to the defendants' fraudulent activity prior to December 6, 1973 must be stricken from the amended complaint with leave to plaintiffs to replead within 30 days from the date of filing of this memorandum decision and order. Plaintiffs, in the event they file a second amended complaint, should plead with particularity the pre-December 6, 1973 reports of DMI that they relied on that were false and misleading and the particular misstatements or omissions in those documents.

■ Plaintiffs admit to purchasing for themselves and as custodians and trustees for their children 800 shares of DMI between February 14, 1973 and June 26, 1973. These purchases preceded the fraud alleged with particularity starting on December 6, 1973. Therefore, these shares could not have been purchased in reliance upon the allegedly fraudulent acts of the defendants and the amended complaint does not make out a cause of action under the securities laws with respect to these 800 shares.

■ Plaintiff's amended complaint alleges the purchase of a total of 1,100

shares of DMI. The additional 300 shares were purchased by the Michael Duban Retirement Investment Trust ("Duban Trust") on February 21, 1974. This 300 share purchase occurred after and could have been in reliance upon the alleged fraud of the defendants. However, defendants contend that the Community National Bank and Trust Company, as Trustee for the Duban Trust, is the only proper plaintiff to bring an action on behalf of the Duban Trust, and the plaintiffs in this action do not have standing to bring such a claim. Despite defendants' argument, this court holds that plaintiff Michael Duban, as the sole eligible employee under the Trust and the sole beneficiary thereof, does have standing to assert a claim on behalf of the Duban Trust.

Under ¶ 10.3 of the Duban Trust, the trustee has "full power and authority . . to do all acts . . . and to exercise for the sole benefit of the beneficiaries hereunder any and all powers and authority granted to trustees . . . All of the acts hereunder shall be conclusive on all persons . . . "[3] Nonetheless, under ¶ 10.7 of the Duban Trust, Michael Duban as the Self-Employed Individual ("SEI") reserves the right and power to control the investment of the trust funds" and the Trustee is required to implement the investment instructions of Michael Duban.[4] The Trustee

---

**3.** Paragraph 10.3 in its entirety provides:
10.3. *Powers of Trustee:* The Trustee shall have full power and authority without the necessity of obtaining the consent of any court to do all acts, to execute, acknowledge and deliver all instruments and to exercise for the sole benefit of the beneficiaries hereunder any and all powers and authority granted to trustees under New York Estates, Powers and Trust Law (or such other law of similar import) now or hereafter in effect. All its acts hereunder shall be conclusive on all persons, and no person dealing with the Trustee shall be charged with any duty to inquire into the necessity or propriety of its acts.

**4.** Paragraph 10.7 in its entirety provides:
10.7. *Investment Powers:* Notwithstanding the provisions of Section 10.1 of this Article X of the Agreement which give to the Trustee the right and responsibility of investing and reinvesting the contributions to, and funds of, the Retirement Plan and Trust, the SEI

specifically reserves the right and power to control the investment of the Trust funds by directing investments (including reinvestments, disposals and exchanges). The SEI shall notify the Trustee by signed instruction letter of the investments, reinvestments, disposals and exchanges that he wishes to make in respect of the funds in the Retirement Plan and Trust under this discretionary power and the Trustee shall forthwith implement such written instructions. In the absence of any such written instruction, the Trustee shall proceed and continue to act in accordance with the provisions of Section 10.1.

The Trustee is specifically absolved of any statutory, judicial, legal or other responsibility in respect to the investments and reinvestments that the SEI directs shall be made under this reserved power except that it shall be fully responsible for the purely ministerial duties of safekeeping, collecting and crediting the income and other similar routine and non-discretionary duties.

is absolved from liability when acting at Michael Duban's direction.

The law of standing to bring suit under § 10(b) and other anti-fraud provisions of the securities laws was established in the case of *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2d Cir.), *cert. denied,* 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). The so-called *Birnbaum* rule, recently affirmed by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 749, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), limits the protections of the antifraud provisions of the securities laws to those who actually purchase or sell securities to their loss.

■ The *Birnbaum* "purchaser-seller" requirement has been flexibly construed in order to accommodate the purpose of the anti-fraud provisions of the securities laws to protect the investing public and ensure honest dealings in securities transactions. *James v. Gerber Products Company,* 483 F.2d 944, 947–48 (6th Cir. 1973); *Heyman v. Heyman,* 356 F.Supp. 958, 964–66 (S.D.N.Y. 1973). The purpose of the *Birnbaum* rule, to foreclose suits against corporate mismanagement unrelated to securities transactions, is not undercut by finding standing for Michael Duban as trust beneficiary in this case. *See Heyman v. Heyman, supra* at 965.

■ Michael Duban, as the beneficiary of a trust for which securities were bought, should have standing to sue for alleged fraud in connection with the securities transaction. As beneficiary of the trust he is the only person who was actually harmed by the securities transaction in question and was thus a *de facto* buyer. *See James v. Gerber Products Co., supra* at 948; *Heyman v. Heyman, supra* at 965; *see also Bolger v. Laventhol, Krekstein, Horwath & Horwath,* 381 F.Supp. 260, 267 (S.D.N.Y.1974). This court "should not be loath to look behind the legal technicalities of a transaction in order to protect those whose interests the statute was designed to safeguard." *Heyman v. Heyman, supra* at 966.

Plaintiff. Michael Duban, as sole beneficiary and with reserved powers under the Duban Trust, is not like the plaintiffs in *Birnbaum* who were not only non-sellers and non-purchasers but were uninvolved directly or indirectly in a sale. Suing on behalf of the Duban Trust, plaintiff, acting pursuant to his reserved powers under the Trust, allegedly instructed the Trustee to purchase the shares of DMI in question here and relieved the trustee from any liability for such purchases. "[I]t would be exalting form over substance" to hold that the purchase by the trust was not plaintiff's purchase. *Heyman v. Heyman, supra* at 965, citing *Bosche v. Louart Corp.,* CCH Fed.Sec.L.Rep. ¶ 92,231 (N.D.Cal.1968). As a result, for the alleged misrepresentations beginning December 6, 1973 plaintiffs have standing to bring a claim and the First Cause of Action cannot be dismissed on standing grounds.

Defendants also move to dismiss the First Cause of Action insofar as it alleges a claim under § 18 of the Securities Exchange Act of 1934, 15 U.S.C. § 78r. For a claim under § 18, plaintiffs must allege actual reliance upon a false or misleading "statement in any application, report, or document filed [with the SEC] pursuant to this title. . . . " 15 U.S.C. § 78r(a); *see Heit v. Weitzen,* 402 F.2d 909, 914 (2d Cir. 1968), *cert. denied,* 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969); *Barotz v. Monarch General, Inc.,* CCH Fed.Sec.L.Rep. ¶ 94,933 at 97,237 (S.D.N.Y.1975). Plaintiffs do not allege, with the specificity required by Rule 9(b) Fed.R.Civ.P., any particular filing as having been false or that they relied upon any document filed with the SEC. As a result, plaintiffs' § 18 claim is dismissed with leave to plaintiff to replead within 30 days from the date of filing of this memorandum decision and order. *See Heit v. Weitzen, supra* at 914–17. Plaintiffs, in the event they file a second amended complaint, should plead with particularity the documents filed with the SEC and their actual reliance as required by § 18.

*Second-Seventh Causes of Action*

■ The Second Cause of Action alleges violations of Section 352–c of the General Business Law of the State of New York. This claim is pendent to the claims alleged in the First Cause of Action, and it cannot be dismissed insofar as it parallels the First Cause of Action.

Similarly, the Third Cause of Action brought under a common law rescission theory is pendent to the claims alleged in the First Cause of Action and cannot be dismissed insofar as it parallels the First Cause of Action.

■ The Fourth Cause of Action, based on both federal and state law, alleges punitive and exemplary damages in the sum of $250,000. Prayer B of the amended complaint requests that this sum plus interest be paid to the plaintiffs. Defendants move, pursuant to Rule 12(f) Fed.R.Civ.P., to strike the Fourth Cause of Action and Prayer B for redundancy and immateriality. Defendants argue and plaintiffs concede that exemplary and punitive damages are not available under the Securities Act of 1933 or the Securities Exchange Act of 1934. *Globus v. Law Research Service, Inc.,* 418 F.2d 1276, 1283–87 (2d Cir. 1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970) (1933 Act); *Green v. Wolf Corp.,* 406 F.2d 291, 302–303 (2d Cir. 1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969) (1934 Act). However, plaintiffs contend that they are entitled to exemplary and punitive damages under Section 352–c of the New York General Business Law. While § 352–c authorizes a private right of action by a person injured by its violation, damages for fraud under New York law are limited to the actual

pecuniary loss sustained by the plaintiffs and all elements of exemplary and punitive damages must be excluded. *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath,* 378 F.Supp. 112, 130 (S.D.N.Y.1974); *modified on other grounds,* 540 F.2d 27 (2d Cir. 1976); *Hanlon v. Mac Fadden Publications, Inc.,* 302 N.Y. 502, 511, 99 N.E.2d 546, 551 (1951). Therefore, the Fourth Cause of Action and Prayer B are ordered stricken from the amended complaint.

■ The Fifth Cause of Action alleges violations of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder against defendant Hornblower & Weeks-Hemphill, Noyes, Inc. ("Hornblower") a registered broker-dealer. Defendant Hornblower moves to dismiss this cause of action for failure to allege fraud with the particularity required by Rule 9(b) Fed.R.Civ.P. Plaintiffs only generally allege that Hornblower "disclosed certain material information concerning the business and affairs of [DMI] to certain of its favored customers before said information was known to the general public." The particularity requirement of Rule 9(b) would require the plaintiffs to specify the information that defendant Hornblower allegedly disclosed and the "favored customers" to whom it was disclosed. Plaintiffs having failed to comply with Rule 9(b), the defendants' motion to dismiss the Fifth Cause of Action is granted with leave to plaintiffs to replead within 30 days from the date of filing of this memorandum decision and order.

■ Plaintiffs' Sixth Cause of Action alleges that the "investment advisor" defendants by giving false and misleading information to their "clients" violated Section 206 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6.[5] Plaintiffs may

---

**5.** Section 206 of the Investment Advisers Act of 1940 provides:

It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud any client or prospective client;

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

maintain private damage actions under Section 206 to effectuate the Congressional intent that persons who paid for investment advice be protected from dishonest and self-dealing advisers. *Bolger v. Laventhol, Krekstein, Horwath & Horwath*, 381 F.Supp. 260, 262–263 (S.D.N.Y.1974). However, the Act on its face limits standing to a plaintiff who was a "client or prospective client" of an "investment adviser". *See Jones Memorial Trust v. TSAI Investment Services, Inc.*, 367 F.Supp. 491, 497 (S.D.N.Y.1973). Plaintiffs do not allege that they were clients or prospective clients of any of the defendants herein, and they do not allege that they were misled by an investment adviser. Therefore, defendants' motion to dismiss the Sixth Cause of Action is granted.

▮ The Seventh Cause of Action alleges violations of §§ 11 and 12 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77*l*. The § 11 claim has been withdrawn by plaintiffs. Section 12 provides that any person who offers or sells a security by means of a prospectus "shall be liable to the person purchasing *such security* from him . . . ." [6] (emphasis added). Plaintiffs allege that DMI filed a registration state-

ment and prospectus in March, 1973 relating to the sale of debentures. However, plaintiffs do not and cannot allege they purchased the debentures because the debentures were never issued and the underlying registration statement and prospectus were withdrawn. By the term "such security" Congress meant only the securities issued and sold pursuant to the registration statement and prospectus. *Colonial Realty Corp. v. Brunswick Corp.*, 257 F.Supp. 875, 879 (S.D.N.Y.1966); *see Barnes v. Osofsky*, 373 F.2d 269 (2d Cir. 1967) (interpreting the same "such security" language under § 11 of the Securities Act of 1933); *Unicorn Field, Inc. v. Cannon Group, Inc.*, 60 F.R.D. 217, 226 (S.D.N.Y.1973). Plaintiffs, because they did not purchase the debentures, do not state a cause of action under § 12 which only protects persons buying the securities specified in the registration statement and prospectus. Therefore, plaintiffs' Seventh Cause of Action must be dismissed.

*William E. Palmer Motion to Dismiss*

▮ Defendant William E. Palmer moves to dismiss or for summary judgment on the ground that he was not a trustee of DMI at the time of the alleged wrongdoing.

(3) acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction. The prohibitions of this paragraph shall not apply to any transaction with a customer of a broker or dealer if such broker or dealer is not acting as an investment adviser in relation to such transaction;

(4) to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative. The Commission shall, for the purposes of this paragraph (4) by rules and regulations define, and prescribe means reasonably designed to prevent, such acts, practices, and courses of business as are fraudulent, deceptive, or manipulative.

6. Section 12 of the Securities Act of 1933 provides:

Any person who—
(1) offers or sells a security in violation of section 77e of this title, or

(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

Palmer resigned as a trustee of DMI effective as of March 19, 1973. As already discussed in the First Cause of Action, *supra,* the first allegedly fraudulent document of the defendants set forth with the particularity required by Rule 9(b) Fed.R.Civ.P. was issued on December 6, 1973. The Seventh Cause of Action referring to a registration statement and prospectus issued in March, 1973, has already been dismissed. As a result, because Palmer resigned nine months before the first specifically alleged misstatement of the defendants, the amended complaint is dismissed as to William E. Palmer with leave to replead in conjunction with repleading the First Cause of Action within thirty days from the date of this memorandum decision and order.

*Anne Meyer's Motion to Intervene*

 Anne Meyer moves, pursuant to Rule 24(b)(2) Fed.R.Civ.P., for an order granting her application to intervene in this action. Meyer allegedly purchased shares of DMI between January 27, 1971 and December 6, 1973. The latter date is the date of the first specifically alleged misconduct on the part of the defendants set forth in the First Cause of Action of the amended complaint, *supra.* With respect to this purchase Meyer's interests would be protected by a class action certification in this case and her motion to intervene as to her December 6, 1973 purchase is denied with leave to renew if class action certification is not granted. Meyer's earlier purchases, like plaintiff Duban's non-Duban Trust purchases, precede any specific allegations of fraud on defendant's part set forth in the amended complaint or the intervenor's "proposed complaint". Since the claims of plaintiff Duban relating to pre-December 6, 1973 purchases have been dismissed with leave to replead, Meyer's motion to intervene as to these early purchases must similarly be denied in the exercise of the court's discretion pursuant to Rule 24(b) Fed.R.Civ.P. with leave to renew in the event

plaintiff Duban does not replead or fails to set forth pre-December 6, 1973 fraud with the particularity required by Rule 9(b) Fed. R.Civ.P.[7] Meyer, in the event she intends to renew her motion to intervene, should do so within 30 days of the court's decision on class action certification.

*Defendants' Attorneys' Fees*

 Certain of the defendants move, pursuant to § 11(e) of the Securities Act of 1933, § 18(a) of the Securities Exchange Act of 1934, and the court's general powers, for an award of costs and reasonable attorneys' fees on the grounds that the action is without merit. The court believes in its discretion that in light of the decision above this motion should more properly be entertained upon the final disposition of this case. Accordingly, the motion is denied with leave to renew upon final disposition of the case.

So Ordered.

7. The court notes that the same attorney is representing plaintiff Duban and proposed intervenor Meyer. As a result, allowing intervention without a specific allegation of fraud pre-December 6, 1973 in either the amended or proposed complaint and then dismissing pursuant to Rule 9(b) would be unnecessarily duplicative and prejudicial to the defendants.