Marianne STRONG, Diana Davenport, Colin Campbell, Robert Watt and Marion Augusta Von Heisermann, Plaintiffs,

v.

PAINE WEBBER, INC., S. Dean MacGuigan and Michael Becker, Defendants.

No. 85 Civ. 1967 (TPG).

United States District Court, S.D. New York.

Oct. 12, 1988.

Howard F. Husum, Thomas A. Andrews, P.C., New York City, for plaintiffs.

Garry J. Stegeland, PaineWebber Inc., Legal Dept., Douglas R. Jensen, Gaston & Snow, New York City, for defendants.

OPINION

GRIESA, District Judge.

Plaintiffs are five individuals—Marianne Strong, Diana Davenport, Colin Campbell, Robert Watt and Marion Augusta Von Heisermann—who opened and maintained securities accounts with PaineWebber, Inc. in the early 1980's. S. Dean MacGuigan was the PaineWebber account executive responsible for these accounts.

Plaintiffs suffered substantial losses in their accounts and contend that these losses were due to improper handling of their accounts on the part of MacGuigan, involving, among other things, a conspiracy by MacGuigan and an associate of his, Michael Becker, to manipulate the price of securities of a company, Energy Reserves. Plaintiffs allege that in the course of this conduct, MacGuigan and Becker made various fraudulent misrepresentations.

The present action was filed in March 1985, naming PaineWebber, MacGuigan and Becker as defendants. The complaint alleges violations of sections 12(2) and 17(a) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5, RICO and New York state law.

This court has previously ordered to arbitration the section 10(b), Rule 10b–5, RICO and state law claims of all plaintiffs except Watt, who never signed an arbitration agreement.

Defendants PaineWebber and MacGuigan have moved, pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the claims asserted by all plaintiffs under sections 12(2) and 17(a) of the Securities Act of 1933.

### I.

■ Defendants base their motion to dismiss the § 12(2) claims on the theory that § 12(2) only applies to misrepresentations made in relation to a "batch offering" of securities, not to misrepresentations made in relation to subsequent, post-distribution trading.

Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l (2), provides that any person who

(2) offers or sells a security ... by means of a prospectus or oral communication, which includes an untrue statement of a material fact ... and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him. . . .

This section of the 1933 Act refers to sales in connection with the initial distribution of securities from an issuer, not to subsequent trading in the secondary market. Post-distribution trading is instead regulated by the 1934 Act. Loss, *Fundamentals of Securities Regulation* at 87 (1988).

Therefore, individual brokers purchasing securities for clients in secondary trading markets are not the type of "sellers" covered by § 12(2). *See, e.g., SSH Company, Ltd. v. Shearson Lehman Brothers*, 678 F.Supp. 1055, 1059 (S.D.N.Y.1987); *Klein v. Computer Services, Inc.*, 591 F.Supp. 270, 277 (S.D.N.Y.1984); *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1095 (S.D.N.Y.1977), *aff'd*, 636 F.2d 1201 (2d Cir.1980).

The transactions at issue here were not sales in connection with the initial distribution of these securities, and defendants are not sellers within the meaning of the Act. Therefore, plaintiffs have not made out claims under § 12(2), and these claims are dismissed.

### II.

■ Defendants also contend that the § 17(a) claims should be dismissed because plaintiffs do not have a private right of action. Nothing in the language of § 17(a) of the 1933 Act, 15 U.S.C. § 77q, either expressly creates or prohibits a private right of action.

Ten years ago the Second Circuit held that there was a private right of action under § 17(a). *Kirshner v. United States*, 603 F.2d 234, 241 (2d Cir.1978). Since then, a number of other courts have criticized

the reasoning of *Kirshner* and decided against a private right of action. However, neither the Second Circuit nor the Supreme Court has overruled the decision in *Kirshner*. This court should continue to recognize a private right of action under § 17(a) in the absence of a contrary ruling by the Court of Appeals. Defendants' motion to dismiss the claim under § 17(a) is denied.

SO ORDERED.