**UPJOHN COMPANY, Plaintiff,**

v.

**MOVA PHARMACEUTICAL CORP., Defendant.**

Civ. No. 95–1378 (PG).

United States District Court, D. Puerto Rico.

Oct. 5, 1995.

Manuel A. Guzman and Rosa María Cruz–Niemiec, McConnel Valdés, San Juan, PR, Gerald Sobel and Steven J. Glassman, Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiff.

James D. Noel III, Ledesma, Palau & Miranda, Hato Rey, PR, Eric H. Weisblatt, Burns, Doane, Swecker & Mathis, Alexandria, VA, James S. Rubin, West New York, NJ, for defendant.

***OPINION AND ORDER***

PEREZ–GIMENEZ, District Judge.

### I. Introduction

Before the Court is Defendant's motion to dismiss and/or strike elements of Plaintiff's requested relief, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) respectively. Defendant also requests oral argument because of the "specialized nature of the laws" involved. Both motions are denied.

Plaintiff–Upjohn claims that Defendant–Mova has infringed an Upjohn patent for a drug used to treat diabetes ("the '163 patent").[1] The infringement allegedly occurred when Mova filed with the Food and Drug Administration ("FDA") an application to "manufacture, use or s[ell]" the product protected by the '163 patent. Upjohn contends that the '163 patent does not expire until April 10, 2007. Mova admits that the product it seeks to manufacture is "bioequivalent" to the compound in the '163 patent, but ar-

gues the inapplicability and invalidity of the '163 patent as its defense.

For purposes of the motions directly before the Court, however, Mova does not seek to dismiss and/or strike Upjohn's entire complaint, but only elements of Plaintiff's "prayer for relief." Specifically, Mova objects to Upjohn's prayer for injunctive relief (¶ c.), damages (¶ d.), costs (¶ f.), and any other appropriate relief (¶ g.). Mova asserts that the law under which plaintiff seeks relief does not provide for the remedies called for in ¶s c, d, f, and g, therefore warranting the dismissal or striking of the requested relief.

### II. Standards for Review

Fed.R.Civ.P. 12(b)(6) authorizes the dismissal of a case at the pleadings stage for "failure to state a claim upon which relief can be granted." For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Heno v. F.D.I.C.*, 996 F.2d 429, 430 (1st Cir.1993). Dismissal may only be granted if a complaint alleges no set of facts justifying recovery. Because of the liberal pleading standards of Fed.R.Civ.P. 8, the motion to dismiss for failure to state a claim is viewed with disfavor. *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957).

Rule 12(f) permits a court to strike from pleadings "any redundant, immaterial, impertinent, or scandalous matter." Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are also viewed with disfavor and are rarely granted. Wright & Miller, Federal Practice and Procedure: Civil 2d § 1380 at 647.

### III. Discussion

#### a. "Purely Procedural" Considerations

■ Before addressing the substantive merits of Mova's motion, I consider its proce-

---

1. The drug, protected under U.S. Letters Patent No. 4,916,163 ("the '163 patent"), entitled "Spray–Dried Lactose Formulation of Micronized Glyburide" is described as an "improved bioavailable micronized glyburide anti-diabetic pharmaceutical composition, comprising spray-dried lactose as the preponderant excipient, which is more economical to manufacture than previously known formulations of micronized glyburide." Complaint at ¶ 4.

dural validity.[2] Rule 12(b)(6) provides for the dismissal of a *"claim* upon which relief can[not] be granted" (emphasis added). Defendant's motion, however, seeks dismissal of certain requested-for *relief* which, Defendant contends, Plaintiff would not be entitled to even if it proved its claim.

First, Defendant's motion is at odds with the liberal pleading policies of the Federal Rules of Civil Procedure. An artificial limitation of the prayered-for relief at this early stage in the litigation makes little sense. Depending on subsequent developments in this case, the Court might be required to permit amendments reinstating the original requested relief. This would be a nonsensical waste of time given the obvious fact that, if Plaintiff should win, this Court would, of course, order no more relief than plaintiff is legally entitled to. And it goes without saying that any court-imposed remedy would be subject to appellate review, without necessarily considering the underlying imposition of liability. Mova is surely right that granting its motion would save the time and expense of conducting discovery on these issues, but so would dismissing the case or ordering summary judgment. Needless to say, I am unprepared to issue such orders at this point.

If the statute at issue unequivocally limited the available relief, thus rendering an extravagant pleading untenable, *see e.g.,* 42 U.S.C. § 1981a(a)(3) (imposing a ceiling on certain monetary awards under the Civil Rights laws), it might be reasonable to consider granting the motion. This appears to have been the situation in the lone case cited by Mova, *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1094 (S.D.N.Y.1977). In *Gross,* plaintiffs improperly sought punitive and exemplary damages under the Securities and Exchange Act despite such relief being unavailable under the Act. Although the opinion is sketchy, it appears that the court in *Gross* struck the entire claim, not just the requested relief. Thus, *Gross* is not on point. Further, as the discussion in the next section demonstrates, the law is hardly as favorable for Mova as it was for the movant's in *Gross.*

### b. The Substantive Merits of Mova's Motion

■ Most importantly, Defendant's motion can not withstand substantive scrutiny. To appreciate this, we must consider the applicable law. Defendant is correct that the statutory scheme is complex. We are fortunate, therefore, to have a recent Supreme Court exposition of the area. *See Eli Lilly & Co. v. Medtronic, Inc.,* 496 U.S. 661, 110 S.Ct. 2683, 110 L.Ed.2d 605 (1990).

In *Eli Lilly,* the Supreme Court explained how the Price Competition and Patent Term Restoration Act of 1984 sought to eliminate a number of distortions of the 17 year patent period. Prior to the 1984 Act, drug manufacturers who wished to market generic versions of "pioneer" drugs had to wait until the patent actually lapsed before they could begin testing and experimentation in preparation for regulatory approval and subsequent manufacture. This resulted in "an effective extension of the patent term" beyond the 17 year statutory period. *Eli Lilly,* 496 U.S. at 669–70, 110 S.Ct. at 2688.

In response, Congress enacted 35 U.S.C. § 271(e). Section 271(e)(1) states in relevant part:

It shall not be an act of infringement to make, use or sell a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use or sale of drugs or veterinary biological products.

Section 271(e)(1) thus permits competitors, prior to the expiration of a patent, to engage in otherwise infringing activities in order to prepare for obtaining regulatory approval. *Eli Lilly,* 496 U.S. at 671, 110 S.Ct. at 2689.

As an additional means of eliminating the *de facto* extension of the patent term, the 1984 Act authorized "Abbreviated New Drug Applications" (ANDAs) in order to expedite FDA approval of generic versions of previ-

---

**2.** The discussion in this section addresses only the motion to dismiss, but applies equally to the motion to strike.

ously approved drugs, while also including a mechanism to discourage patent infringement. ANDA applicants must include in their applications one of four certifications verifying the status of the new drug with respect to the previously patented pioneer drug. If the ANDA applicant certifies that no patent exists (a paragraph I certification), or that the patent has expired (a paragraph II certification), then the FDA can approve the generic form of the drug immediately. If the ANDA applicant lists the date on which the patent will expire (a paragraph III certification), then the FDA can approve the ANDA effective as of that date. Lastly, an applicant may certify that the patent is "invalid or will not be infringed by the manufacture, use, or sale of the [generic] drug for which the [ANDA] is submitted" (a paragraph IV certification). *Eli Lilly*, 496 U.S. at 676–77, 110 S.Ct. at 2691–92 (citing 21 U.S.C. § 355(j)(2)(A)(vii)(I)–(IV)).

Paragraph IV certifications, such as the one filed by Mova here, most frequently trigger litigation. This is because, pursuant to 35 U.S.C. § 271(e)(2), simply submitting a paragraph IV certification constitutes an act of infringement.[3] Under section 271(e)(1), however, it is not an infringement to conduct otherwise infringing acts necessary to prepare an ANDA.

Though section 271(e)(1) and section 271(e)(2) may seem contradictory, the contradiction is at least partly resolved by sections 271(e)(3) and (4), which stipulate the forms of available relief. Section 271(e)(3) provides that "no injunctive or other relief may be granted" for the acts a manufacturer undertakes solely in preparation for seeking FDA approval. This makes sense since section 271(e)(1) expressly permits such otherwise infringing activity. If a manufacturer goes beyond mere preparation, the remedies under Section 271(e)(4) are available. Relief in the form of money damages (§ 271(e)(4)(C)) or an injunction (§ 271(e)(4)(B)) are only available, however, if: (1) there was actual infringement (essentially requiring that the paragraph IV certification be in error re-

garding the inapplicability or invalidity of the patent) and (2) there has, or might be, actual commercial manufacture, use, or sale of the protected drug.

Underlying Mova's motion to dismiss is a contention that Upjohn has not pled the second element required to obtain relief under section 271(e)(4). Paragraph 13 of the complaint states that "[i]f Mova's ANDA is approved, Mova will *further* infringe the '163 patent by manufacturing, using and selling the drug formulation which is the subject of Mova's ANDA" (emphasis added). Mova reads this language as limiting the scope of Upjohn's concern to *future* Mova activities. Mova contends that Upjohn is not accusing it of *currently* engaging in the "commercial manufacture, use or sale" of the product as prohibited by section 271(e)(4). And since section 271(e)(4) only provides relief if such commercial activities are present, Mova asserts that Upjohn is requesting relief it is not entitled to.

Mova's argument is certainly complex, but it is also nonsense. The law clearly defines the submission of a paragraph IV certification as an act of infringement inviting judicial scrutiny. Granted, the infringement only occurs if the applicant intends to engage in commercial activity, but it seems safe to assume that Upjohn's fear that Mova will so behave is implicit in the suit. Mova's ultimate culpability, of course, is a question of fact. Mova may be correct that Upjohn is not entitled to relief, but such would only be the case if Mova has not, in fact, "engage[d] in the commercial manufacture, use or sale of" the compound protected by the '163 patent. This can only be determined after full discovery and depositions are taken, and may, ultimately, be a question for the finder of fact at trial. Furthermore, Mova's contention that a plaintiff must allege *current* commercial activities to survive a motion to dismiss is at odds with section 271(e)(4)(B), which permits the granting of injunctions without reference to past or present conduct.

**3.** The law provides: "It shall be an act of infringement to submit ... [an ANDA] ... if the purpose of such submission is to obtain [FDA] approval ... to engage in the commercial manufacture, use, or sale of a drug ... claimed in a patent ... before the expiration of such patent." 35 U.S.C. § 271(e)(2).

It is true that Upjohn's complaint is not the most elegantly drafted. The only code section Upjohn cites is section 271(e)(2), the so-called "highly artificial act of infringement," *Eli Lilly,* 496 U.S. at 678, 110 S.Ct. at 2692. Meanwhile, relief is only available if the necessary showing is made under section 271(e)(4)—a code section the complaint does not cite. This technical deficiency, however, cannot be grounds for dismissal. Plaintiff would not have brought this suit if did not seek relief, and all the relief Upjohn requests is available under some provision of the applicable law.[4]

Mova's contention is that portions of the complaint should be struck or dismissed because Upjohn did not draft them precisely right. Imposing such a requirement on federal litigants, however, is at odds with the liberal pleading policy of Fed.R.Civ.P. 8. Furthermore, given the facts and law of this case (construed as required by Rule 12), Defendant's motion is without substantive merit.

**Therefore,** Mova's motions (Dkts. # 4 & # 15) are **DENIED.**

**IT IS SO ORDERED.**

---

**4.** It is true that § 271(e)(4) does not provide for the assessment of costs. Other provisions available to plaintiff, however, such as Fed.R.Civ.P. 11 (permitting the imposition of penalties for pleadings that are not adequately grounded in fact or law) do permit such costs. Therefore, the prayer for costs and other relief, ¶¶ f and g, will not be dismissed or struck.