Morris SPIEGLER, Plaintiff,

v.

S. Hayward WILLS et al., Defendants.

No. 73 Civ. 1194 (MP).

United States District Court,
S. D. New York.

Sept. 19, 1973.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff by Richard M. Meyer, New York City.

Cahill, Gordon & Reindel, New York City, for defendant Peat, Marwick, Mitchell & Co. by William E. Hegarty, Allen S. Joslyn, and Leonard A. Spivak, New York City.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendants GAC Corp., S. Hayward Wills and Russell E. Kemmerer by Edward F. Butler, Timothy C. Quinn, Jr., and Richard P. Bougerie, New York City.

## MEMORANDUM

POLLACK, District Judge.

This is a proposed class action alleging violations of the federal securities laws. The Court has deferred argument on a motion seeking to have the action declared to be a class action pending determination of the instant motion which seeks the dismissal of the amended complaint for failure to plead facts constituting fraud with the requisite degree of particularity, Fed.R.Civ.P. 9(b), and for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6).

Defendants justifiably complain of the prolix and confusing pleading filed herein, despite repeated opportunities afforded to the plaintiff to plead in compliance with the requirements for a federal complaint. Allegations of fraud must be stated with particularity, Rule 9(b); they may not be a composition of mere echoes of securities law in lieu of factual charges.

A complaint should contain a plain, concise statement of the claims asserted and the relief sought. Fed.R. Civ.P. 8(a). A fraud claim must additionally express and spell out with reasonable clarity the specific factual misconduct relied on—not encased in a thicket of words or legalistic concepts— and should express the basis for the assertion of such charges.

It is clear that the mere allegation of a change in accounting procedure

—from one accepted practice to another—is not sufficient in itself to state a claim upon which relief may be granted, no matter how characterized. Similarly, the naked assertion of concealment of material facts which is contradicted by published documents which expressly set forth the very facts allegedly concealed is insufficient to constitute actionable fraud.

Here plaintiff pleads only neutral facts. In lieu of some circumstances fairly supporting an inference of impropriety, plaintiff pleads only his own unsupported assertion that the alleged facts are or imply other facts which in turn tend to show some misconduct on the part of the defendants. *Cf.* Segal v. Coburn Corp. of America (E.D.N.Y. 1973) (Dooling, J.) Dkt. No. 70 Civ. 82.

█ Disputes relating to management policy do not necessarily ground securities fraud litigation, particularly where the employment of contemporaneously generally accepted accounting practices is attacked. If this were a civil case other than one posited on fraud—such as a claim sounding in negligence, or breach of fiduciary duty—the requirement for a sufficient pleading would be quite different.

A proposed second amended complaint was submitted to this Court on July 5, 1973 during the pendency of the motion to dismiss with a request for leave to file the same in the event that the motion be granted. The proposed second amended complaint is in no substantial way an improvement upon its predecessor for the same reasons as are indicated above.

The voluminous affidavits submitted on this motion by both sides herein, while instructive, do not decide the motion.

█ Plaintiff cautions against the too hasty dismissal of a complaint pleaded by one who has not had an opportunity to resort to discovery to ascertain the true facts which are allegedly in the exclusive control of the defendant, relying on Schoenbaum v. Firstbrook, 405 F.2d 215 (2d Cir. 1968 (*en banc*), cert. denied, 395 U.S. 906, 89 S.Ct. 1747, 23 L. Ed.2d 219 (1969). However, this rule applies where "the facts alleged by plaintiff provide a ground for recovery." Plaintiff herein does not come within the ambit of the rule he enunciates.

█ Plaintiff will be allowed one more attempt to comply with the rules of pleading—rules requiring fair notice of actual wrong, openly stated on the basis of facts asserted—failing which this action will be terminated. This indulgence is being granted in the interest of foreclosing any possible suggestion that plaintiff has been denied a reasonable opportunity to state a claim, if one in fact does exist.

On the fourth attempt, should plaintiff choose to make it, it will not suffice to merely compare present accounting practices with past accounting practices and paste rote 10b–5 allegations or action-seeking characterizations thereto. It is the office of a fraud complaint to seek redress for a wrong, not to find one. Segal v. Gordon, 467 F.2d 602, 607–608 (2d Cir. 1972). Furthermore, plaintiff will have to demonstrate the factual basis of his allegations made on secondary information and comply in all other respects with the criteria set forth herein and generally required of like pleadings.

█ More particularly, under concepts recently adopted in this Circuit, the present versions of the claim, on their face, in the assertions of culpability, ¶¶ 10–20, are legal conclusions rather than factual statements. There is no identification of any specific statement in any specific document which was false or misleading. The present pleadings further fail to comply with the dictates of Segal v. Gordon, *supra,* by omitting allegations of any underlying facts of fraud or scienter supporting the conclusory belief and alleged informa-

tion asserted as the support for the claims (other than to proffer expert opinion as to alternative accounting treatments).

The amended and second amended complaints are dismissed, with leave to replead as specified hereinabove within 20 days from the date hereof.

So ordered.