**James E. TEMPLE, Plaintiff,**

v.

**Herbert H. HAFT et al., Defendants.**

**Lawrence B. ELSBERND et al., Plaintiffs,**

v.

**COMBINED PROPERTIES CORPORATION et al., Defendants.**

**Civ. A. Nos. 76–129, 76–232.**

United States District Court,
D. Delaware.

Nov. 11, 1976.

R. Franklin Balotti, of Richards, Layton & Finger, Wilmington, Del., for plaintiffs in Nos. 76–129, 76–232; Herbert E. Milstein, and Glen DeValerio, Washington, D. C. and Kohn, Savett, Marion & Graf, P. C., Philadelphia, Pa., of counsel.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, Del., for defendants in Nos. 76–129, 76–232; Burton A. Schwalb, Michael Evan Jaffe, and Philip Green, of Arent, Fox, Kintener, Plotkin & Kahn, Washington, D. C., of counsel.

Stuart B. Young, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant Raymond A. Mason in No. 76–232; Peter Van N. Lockwood, of Caplin & Drysdale, Washington, D. C., of counsel.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Two stockholder class actions have been initiated charging virtually the same defendants with a variety of security law violations. The complaint in *Elsbernd v. Combined Properties Corporation,* No. 76–232 (*"Elsbernd"*), alleges a series of false representations of material facts and material cmissions by Combined Properties Corporation ("CPC") and its principals which resulted in the plaintiff class paying an excessive price for CPC securities in violation of Sections 12(2) and 17(a) of the Securities Act of 1933, as amended, 15 U.S.C. §§ 771(2) and 77q(a); and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5 thereunder, 17 C.F.R. 334, § 240.10b–5. The complaint in *Temple v. Haft,* No. 76–129 (*"Temple"*), alleges that the named defendants formed a scheme to defraud and freeze out CPC's minority shareholders by executing a merger pursuant to Section 253 of the General Corporation Law of Delaware without legitimate business purpose and at an unconscionably low price, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 thereunder and the common law of Delaware.

*Elsbernd* was filed in the District of Columbia and transferred to this District by order dated July 2, 1976 because of the similarity between it and *Temple,* which had already been filed here.[1] Plaintiffs in both cases have filed a joint motion to consolidate, or in the alternative, for leave to amend the *Elsbernd* complaint to include the allegations in the *Temple* complaint, but it was agreed to delay consideration of those motions until disposition of the here-

---

1. The defendants named in the two actions are identical except that Robert B. Hirsch and Raymond A. Mason are included in the *Elsbernd* case but not the *Temple* case.

inafter described motions to dismiss. These motions have been briefed and argued and are ready for decision.

■ Defendants[2] have moved to dismiss both of the complaints on the ground that they fail to allege the circumstances of fraud with the particularity required by Rule 9(b), Fed.R.Civ.P. Dismissal with prejudice or without leave to amend is being sought.[3]

■ Rule 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

It is well established that the pleading requirement of Rule 9(b) applies to many allegations of violations of securities acts. *See, e.g., Fox v. Prudent Resources Trust,* 382 F.Supp. 81, 94 (E.D.Pa.1974); *Graham v. Taubman* [1975–76 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 95,520 at 99,662, 99,664–65 (N.D.Cal.1976). This is particularly true of Rule 10b–5 actions, which although not precisely actions for fraud, require proof of many of the same elements as common law fraud. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (requiring proof of scienter in private 10b–5 actions). Since Rule 10b–5 is such a flexible prohibition, it is difficult to determine how much need be pleaded. *Graham v. Taubman, supra.*

■ The more rigorous pleading requirement of Rule 9(b) is designed to give effect to a number of public policies. A primary purpose is to prevent injury to the reputations of potential defendants from irresponsible, improvident, and cavalier allegations of fraud. *See du Pont v. Wyly,* 61 F.R.D. 615, 630 (D.Del.1973); *Lewis v. Black,* [Current] CCH Fed.Sec.L.Rep. ¶ 95,638 at 90,166 (E.D.N.Y.1976); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir. 1970); and *Rich v. Touche Ross & Co.,* D.C., 68 F.R.D. 243, 245 (S.D.N.Y.1975), *rev'd on other grounds, sub nom. Rich v. New York Stock Exchange,* 522 F.2d 153 (2d Cir. 1975). To implement this purpose, in light of the wide variety of potential conduct which fraud may embrace, " 'a defendant needs a substantial amount of particularized information about plaintiff's claim in order to enable him to understand it and effectively prepare his response.' " *Gissen v. Colorado Interstate Corporation,* 62 F.R.D. 151, 153 (D.Del. 1974), quoting from 5 Wright & Miller, Federal Practice and Procedure § 1296. Particularity in the complaint is also required to minimize the number of unfounded "strike suits". *Segan v. Dreyfus Corporation,* 513 F.2d 695 (2d Cir. 1975). Finally, the rule is intended to assure that a complaint is being filed to redress a wrong which is reasonably believed to have occurred rather than as a mere pretext for discovery of unknown wrongs. *Segal v. Gordon, supra,* at 607–08; *Lewis v. Black, supra;* and *Spiegler v. Wills,* 60 F.R.D. 681, 683 (S.D.N.Y.1973).

■ Rule 9(b) must be applied in conjunction with the liberal pleading policy of Rule 8(a)(2) which provides that "a pleading . . . shall contain . . . a short and plain statement of the claim," and Rule 8(e)(1) which provides that "[e]ach aver-

---

**2.** All of the defendants except Goodwin and Mason jointly filed motions in each case. Defendant Mason separately filed a similar motion and has adopted the arguments of the other defendants. Defendant Goodwin has filed a separate motion to dismiss or stay because of his pending Chapter XI (Bankruptcy Act) proceedings. That motion is still pending.

**3.** There is some indication in the *Temple* motion and supporting memorandum and the *Elsbernd* supporting memorandum that the motions to dismiss are also being brought pursuant to Rule 12(b) and Rule 56. A statement of "background facts over which there can be no genuine dispute and which the complaint in no way purports to contest" is included in each of these memoranda. Plaintiffs object to the introduction of these matters outside the record as being wholly improper. Although there is precedent for a court to consider an ostensible Rule 9(b) motion as a Rule 56 motion, *see, e.g., Morse v. Peat, Marwick, Mitchell & Co.,* CCH Sec.L.Rep. [1975–76 Transfer Binder] ¶ 95,492 at 99,489 n. 2 (S.D.N.Y.1976), the dispute over the facts in this case, as well as the manner in which the facts have been presented to the Court make it inappropriate for such treatment.

ment of a pleading shall be simple, concise, and direct." *Gissen v. Colorado Interstate Corporation, supra* at 154. Harmonizing these dictates is a difficult task. It is clear that "[m]ere conclusory allegations of fraud, couched in the bare statutory language of the Securities Act, will not satisfy Rule 9(b)." *du Pont v. Wyly, supra* at 630, and *Segal v. Gordon, supra,* and the extensive list of cases cited therein at 607. It is equally clear that "the requirement of particularity, then, does not entail an exhaustive cataloging of facts but only sufficient factual specificity to provide assurance that plaintiff has 'investigated . . . the alleged fraud' and reasonably believes that a wrong has occurred." *du Pont v. Wyly, supra* at 631, quoting from *Segal v. Gordon, supra* at 608. In this District, Rule 9(b) has been held to require that the plaintiff identify the categories of the documents which allegedly contain misstatements and the nature of the information which it is claimed these documents omit or misrepresent. *du Pont v. Wyly, supra* at 932.

■ The degree of particularity required in a pleading is dependent on several factors. When the issues are complicated, or the transactions cover a long period of time, courts tend to require less of a pleader. 5 Wright & Miller, Federal Practice and Procedure, § 1298. Similarly, the rule is relaxed as to matters peculiarly within an adverse party's knowledge. 2A Moore's Federal Practice ¶ 9.03, at 1928–29. In deciding the degree of particularity required, courts are also sensitive to the potential for "strike suits" in the particular situation. *See, Graham v. Taubman, supra.* In ascertaining whether or not a defendant has sufficient knowledge of the claim being asserted to defend intelligently, courts may take into account the fact of an answer. *Lewis v. Black, supra* at 90,166 n. 3.

The Court must now examine the allegations of the *Elsbernd* and *Temple* complaints with the above considerations in mind to determine whether each alleges the circumstances of the fraud with the particularity required by Rule 9(b).

## THE ELSBERND COMPLAINT

■ Many of the paragraphs in the *Elsbernd* complaint allege the fraud in conclusory legal language parroting the language of the statutes and rule under which the claims are being made. *See, e.g.,* Complaint ¶¶ 30, 37, 38. As noted above, allegations of this type clearly fail to satisfy Rule 9(b), and will not be addressed further. Paragraph 31 and subparagraphs 31a–31g of the complaint, which both counts incorporate, provide some factual specification of the alleged fraud and need be analyzed more closely.

■ In essence, the complaint charges that CPC began conducting business in October 1971, went public in January 1972, and became a private company after a tender offer and merger in January, 1976. Complaint ¶ 14. CPC was and is engaged principally in the development, construction, and operation of shopping centers and single-store facilities. *Id.* Plaintiffs claim that false representations and material omissions were made in "among other documents, the registration statement dated January 26, 1972 and the financial and operating reports of the company, including annual reports of the company." Complaint ¶ 31.[4] The complaint alleges several

4. Complaint ¶ 31, provides in full:

The fraudulent practices and the devices utilized by the Defendants in connection with and in order to effectuate the aforesaid result consisted of, among other matters, the following false representations by Defendants, knowing them to be false when made, and the following concealments of or failures to disclose material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading to Plaintiffs and members of the class, all or part of which are contained in, or omitted from, among other documents, the registration statement dated January 26, 1972 and the financial and operating reports of the company, including annual reports of the company:

(a) The Defendants failed adequately to disclose and falsely represented the financial and operating conditions of CPC;

(b) Defendants failed adequately to disclose and falsely represented material facts concerning the status of construction in progress and the effect of the status of construction in

traditional Rule 10b–5 failures adequately to disclose and false representations of material facts concerning (1) the status of construction in progress and the effect thereof on the financial and operating statement; (2) the cash flow and the effect thereof on the financial and operating conditions; (3) the condition of many of CPC's commercial properties; (4) the necessity of spending money due to the poor condition of the properties; and, (5) the relationship with one of the principal tenants, Dart Drugs Corporation. In addition, the plaintiffs charge that defendants failed to disclose adequately a "going private" scheme similar to the one prohibited in *Green v. Santa Fe,* 533 F.2d 1283 (2d Cir. 1976), *cert. granted,* 429 U.S. 814, 97 S.Ct. 54, 50 L.Ed.2d 74 (1976).

These traditional Rule 10b–5 allegations are very broad and comprehensive.[5] They encompass virtually the entire operation of CPC in two senses. First, it is alleged that the violations took place throughout the entire public life of CPC and involve almost every public document ever produced by CPC. Second, plaintiffs allege that false representations and material omissions were made with respect to almost every activity that CPC is alleged to have engaged in as a business. No connection is made between a particular document or even category of documents and a particular false representation or material omission. No further specification is given as to the "material facts" about which complaint is being made. No time frame shorter than the entire public life span of CPC is indicated. In sum, the allegations are exhaustive of the entire existence of CPC and all of its endeavors and, thus, they do not satisfy the particularity requirement of Rule 9(b).

Perhaps the result would be different if only one of the allegations, for example, the "going private" allegations, were included in the complaint. In that case, defendants would be on notice that a particular transaction was the focus of the claim so that they could defend intelligently, and dis-

---

progress on the financial and operating statements of CPC;

(c) The Defendants failed adequately to disclose and falsely represented material facts concerning the cash flow of the company and the effect of the cash flow on the financial and operating condition of the company;

(d) The Defendants failed adequately to disclose and falsely represented the condition of many of CPC's commercial properties, including its shopping centers, and that as a result of the poor condition of these properties CPC would necessarily have to spend substantial sums of money;

(e) The Defendants failed adequately to disclose and falsely represented material facts concerning CPC's relationship with one of the principal tenants for its commercial property, Dart Drugs Corporation, whose chief executive officer is and was at all material times the Defendant Herbert Haft; and

(f) The Defendants failed adequately to disclose and falsely represented material facts concerning their plans to take the company public, and subsequently should market conditions be appropriate to once again make the company a private company through a series of events, including a tender offer and subsequent merger.

(g) The Defendants falsely represented that CPC had not knowingly made any untrue statement of a material fact or omitted to state any material fact required to be stated in the regis-

tration statement, including the prospectus, or necessary to make the statements therein not misleading.

5. In ascertaining the acceptability of these allegations, the Court has taken into account the fact that the defendants answered the complaint, and apparently had sufficient understanding of plaintiffs' claims to deny them. *See Lewis v. Black, supra* at 90,166, n. 3. Another factor outside of the complaint itself which the Court considers significant is the information provided by plaintiffs' counsel in their brief in opposition to the motion and at oral argument. Plaintiffs cite and include a copy of a July 11, 1972 report by CPC's principal underwriter which indicates a change in management projections of earnings due to delays in shopping center construction. Apparently, plaintiffs are referring to this change in subparagraphs 31b and 31c, yet the language of those allegations is far too general to focus attention on this particular report. Plaintiffs' possession of information more detailed and precise than that included in the complaint cuts in two directions. It assists the Court in concluding that the action is not a "strike suit", yet it neutralizes, at least as to this aspect of the alleged fraud, plaintiffs' contention that it needs discovery to determine the details of the fraud. While all of these factors have been considered by the Court, none is dispositive.

covery could be limited in scope. Effective defense and narrowing of issues would also be facilitated if the complaint charged that all of the false representations and material omissions were made in, for example, one particular proxy statement as was the case with the Weisberg complaint in *Gissen v. Colorado Interstate Corporation, supra* at 154–55; one registration statement and prospectus as was the case in *B & B Investment Club v. Kleinert's, Inc.,* 391 F.Supp. 720 (E.D.Pa.1975); or one prospectus as was the case in *Morse v. Peat, Marwick, Mitchell & Co.,* CCH Fed.Sec.L.Rep. [1975–76 Transfer Binder] ¶ 95,492 at 99,491, n. 3 (S.D.N.Y. 1976). It would also be a different case if the circumstances about which the false representations and material omissions were made comprised a somewhat less significant portion of the total endeavors of CPC. The dismissal of a complaint was affirmed in *Segan v. Dreyfus Corporation, supra,* because the plaintiff was attempting to proceed on a "course of conduct" theory while alleging with specificity only one fraudulent transaction. Although the *Elsbernd* complaint is not so egregious an example, it does present the same risk of a plaintiff bootstrapping himself into discovery related to the entire enterprise on the basis of a few relatively specific allegations.

Obviously, the situation would be much different if plaintiffs were to specify in greater detail the precise nature of the material facts about which it is claimed there were made false representations and material omissions. Plaintiffs argue that they need discovery because as outsiders, they are not privy to vital information concerning the inner workings of the corporation which provides the basis for the suit. *Schlick v. Penn-Dixie Cement Corporation,* 507 F.2d 374, 379 (2d Cir. 1974), and 5 Wright & Miller, Federal Practice and Procedure, § 1298 at 416. The Court is sympathetic to plaintiffs' problem in this regard and does not want to place an insuperable burden on outsiders to detail information available only to insiders. *See, Fox v. Prudent Resources Trust, supra* at 95. However, the Court is of the view that plaintiffs should include in the complaint information of which they are aware which provides the basis for or further particularizes the allegations when the allegations are as broad as those in this complaint. In this context, claims of confidentiality, privilege, and work product are unavailing. As the Second Circuit noted in *Segan v. Dreyfus Corporation, supra* at 696:

> "The drafting and filing of any complaint necessarily leads to some disclosure of counsel's work product. When the complaint alleges fraud, Rule 9(b) requires that somewhat more of counsel's investigative efforts be revealed . . .. A suit charging fraud may not be based on facts so secret that the defendants cannot be told what they are." (citations omitted).

For these reasons, the *Elsbernd* complaint is dismissed and plaintiffs are granted leave to replead within twenty days.

THE TEMPLE COMPLAINT

The *Temple* complaint alleges a scheme "to defraud CPC's minority shareholders and to usurp CPC's assets and business" including, *inter alia:*

"(a) causing defendant Comprop to be formed; and

(b) attempting to cause CPC to be merged with Comprop at a merger price which is intrinsically, grossly and unconscionably unfair to CPC's minority shareholders and only a small fraction of the fair and intrinsic value per share of CPC."

Complaint ¶ 5.

In addition, it is alleged that Comprop was formed "solely for the purpose of effecting the merger", Complaint ¶ 6; that "the merger was not accomplished for a valid or justifiable corporate purpose of CPC", Complaint ¶ 11; that "[t]he purpose of the merger was to eliminate the holdings of the common stock of the class members in CPC", *Id.;* and that it had the "intended effect of 'freezing out' CPC's public shareholders on terms favorable to individual defendants, but unfavorable to the public

stockholders", Complaint ¶ 12. The merger was executed on December 31, 1975. Complaint ¶ 8.

It is immediately apparent that this fraud is alleged with far greater particularity than the fraud charged in the *Elsbernd* complaint. Although the complaint is drafted to be inclusive, using the phrase "among other things", it is clear that it is this merger which plaintiffs allege is the fraud. The operative mechanism of the fraud is specified, and the time frame is implicit. The loss allegedly sustained by plaintiffs is clearly their exclusion from ownership in the company without adequate compensation. Here there is no question that the allegations are sufficiently particular to apprise defendants of the allegedly fraudulent conduct and to allow them to defend intelligently.

The Court's concern with respect to this complaint is whether plaintiffs have included enough detail and background factual allegations to assure the Court that they are attempting to redress a wrong rather than to discover one. Defendants contend that the allegations of lack of justifiable business purpose and inadequacy of price are too conclusory to satisfy Rule 9(b) by themselves and, absent further factual particularization, must be virtually disregarded in evaluating the complaint for Rule 9(b) purposes. Thus, they claim, the complaint merely alleges a merger which had the effect of redeeming minority shares at a price, which allegations are neutral and do not support an inference of fraud. In response, plaintiffs argue that allegations of self-dealing and over-reaching cannot be pleaded with greater specificity than by describing the operative mechanism which it is claimed was used for those purposes.

Upon close examination of the complaint, the Court is persuaded that the requirements of Rule 9(b) are satisfied. Certainly, these allegations are more particular than allegations that certain acquired companies are "worthless" or unspecified statements are "deceptive", which would require some further explanation to indicate how they constitute fraud. *See, Felton v. Walston*

*and Co., Inc.,* 508 F.2d 577 (2d Cir. 1974). This situation is also distinguishable from the claim asserted in *Spiegler v. Wills, supra,* in which there was merely an allegation of a change of accounting procedure, which the Court characterized as a neutral fact. Here, the gist of plaintiffs' claim is that "going private" under the circumstances of this case with a short form merger as the final step is not a neutral fact but a violation, as was held by the Second Circuit in *Green v. Santa Fe, supra.* Cf. *Marshel v. AFW Fabric Corp.,* 533 F.2d 1277 (2d Cir. 1976). Contrary to defendants' argument, plaintiffs have not only alleged the absence of justifiable corporate purpose, they have specified that the purpose was to freeze out the minority shareholders. Although the Court would prefer that further information supporting plaintiffs' allegations about the inadequacy of the price had been included in the complaint, it does not deem such a deficiency sufficient to warrant dismissal of the complaint.

This complaint alleges a very specific course of corporate conduct in which the purposes underlying the conduct and the "fairness" of the compensation provided may be material to a determination of whether the conduct is legal or not. The documents, memoranda, minutes, and indeed, all of the facts relevant to those issues are within the control of the defendants and accessible to plaintiffs only through discovery, leading the Court to relax somewhat the Rule 9(b) particularity requirement. *See, Fox v. Prudent Resources Trust, supra* at 95. In this situation, since discovery can be limited in scope, the Court is convinced that the probability that the *Temple* complaint is merely a pretext for wholesale discovery or that the action is a "strike suit" is not sufficiently high to warrant dismissal pursuant to Rule 9(b).

In summary, defendants' motion to dismiss the *Elsbernd* complaint pursuant to Rule 9(b) for failure to plead the fraud with particularity is granted, and plaintiffs are granted leave to replead within twenty

days. Defendants' similar motion in the *Temple* case is denied.

SO ORDERED.