John P. DECKER, on behalf of himself and all others similarly situated, Plaintiff,

v.

MASSEY–FERGUSON, LIMITED, Albert A. Thornbrough, John E. Mitchell, John G. Staiger, A. Bruce Matthews, Colin W. Webster, Alex E. Barron, Maxwell C. G. Meighen, Trumbull Warren, Henry Borden, John D. Leitch, A. M. Runciman, J. Page R. Wadsworth, the Marquess of Abergavenny, the Duke of Wellington, and Clarkson, Gordon & Co., Defendants.

No. 79 Civ. 2694 (RLC).

United States District Court, S. D. New York.

May 28, 1981.

Greenfield & Schoen, P. C. by Richard D. Greenfield, Sterling H. Schoen, Jr., and Robert P. Frutkin, Bala-Cynwyd, Pa., Kohn, Savett, Marion & Graf, P. C. by Stuart H. Savett, Donald L. Weinberg and David H. Weinstein, Berger & Montague, P. C. by David Berger, Sherrie R. Savett and Stanley R. Wolfe, Philadelphia, Pa., for plaintiff and the class.

Cahill, Gordon & Reindel by David R. Hyde, Allen S. Joslyn and Charles A. Gilman, New York City, for Massey-Ferguson, Ltd. and individual defendants.

White & Case by P. B. Konrad Knake, Paul L. Kennedy, New York City, for Clarkson, Gordon & Co.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff John P. Decker brought this action against Massey-Ferguson, Ltd. ("Massey"); fourteen present or former directors of Massey (the "individual defendants");[1] and Clarkson, Gordon & Co. ("Clarkson"), auditors for Massey. Decker alleges that the defendants acted or failed to act in ways that violated §§ 10(b), 18(a) and 20(a)

of the Securities Exchange Act ("Act"), 15 U.S.C. §§ 78j(b), 78r(a) and 78t(a), Rule 10b–5 promulgated thereunder, and the common law. In essence, plaintiff charges that a series of misstatements and non-disclosures by the defendants in publicly disseminated documents led the investing public to pay inflated prices for Massey common stock from February 1, 1976, through February 24, 1978 (the "class period"). Plaintiff claims that, by reason of the defendants' actions, he and the class he represents were damaged when Massey common declined precipitously in market price.

In an order and opinion dated December 21, 1979, the court dismissed the original complaint, finding that plaintiff failed in at least three respects to plead fraud with sufficient particularity as required by Rule 9(b), F.R.Civ.P. First, the complaint was premised on information and belief only, without any additional statement of facts which would enable defendants or the court to understand the basis of the fraud allegations. Second, it inadequately expounded the specific circumstances alleged to constitute fraud and failed to identify the documents and statements alleged to offend the Act. Third, it failed to "differentiate among the defendants in its accusations of wrongdoing, or to state with any particularity what specific wrongful acts were done." (Opinion at p.5). Plaintiff was given leave to file an amended complaint conforming to Rule 9(b) within thirty days.

Decker has now filed an amended complaint totalling sixty-nine pages in length which, for the first time, alleges violations of § 18(a) of the Act and common law claims, in addition to the claim under §§ 10(b) and 20. All of the defendants have moved to dismiss this new pleading.

Massey, the individual defendants, and Clarkson contend that the amended complaint either does not provide the additional specificity Rule 9(b) requires or fails to state a claim for relief, that the claim of

---

1. Defendants Albert A. Thornbrough, John E. Mitchell, John E. Staiger, A. Bruce Matthews, Colin W. Webster, Alex E. Barron, Maxwell C. G. Meighen, Trumbell Warren, Henry Borden, Q. C., John D. Leitch, A. M. Runciman, J. Page R. Wadsworth, the Marquess of Abergavenny, and the Duke of Wellington.

violations of § 18(a) is similarly deficient under Rule 9(b) and in any event is time barred, and that the common law counts cannot be heard under the court's pendant jurisdiction. In the alternative, Massey and the individual defendants have moved for partial summary judgment dismissing certain allegations of the complaint as barred by applicable statutes of limitations. Eleven of the individual defendants, who reside in Canada or England (the "foreign individual defendants"),[2] have moved, pursuant to Rule 12(b)(2), F.R.Civ.P., to dismiss for lack of personal jurisdiction. The parties have filed cross motions pertaining to discovery.

## I

Rule 9(b) "is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules." 5 Wright & Miller, *Federal Practice and Procedure: Civil,* § 1297 at 405; *Ross v. A. H. Robins Co.,* 607 F.2d 545, 557 (2d Cir. 1978), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Two general purposes have been attributed to the rule: first the "desire to protect defendants from the harm that comes to their reputations or to their good will when they are charged with serious wrongdoing," *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir. 1972); *Ross v. A. H. Robins Co., supra* at 607 F.2d at 557; and, second, to assure defendants of "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Shemtob v. Shearson, Hammil & Co.,* 448 F.2d 442, 444 (2d Cir. 1971); *Denny v. Barber,* 576 F.2d 465, 469 (2d Cir. 1978). Moreover, in the context of securities litigation, the specificity requirement of Rule 9(b) serves also the purpose of discouraging "strike suits" that might be brought by plaintiffs with largely groundless claims, relying on their *in terrorem* effect to argument the suit's

settlement value. *Ross v. A. H. Robins Co.,* 607 F.2d at 557; *Denny v. Barber, supra,* 576 F.2d at 470.

Taken together, the decisions of this circuit establish

> that a plaintiff alleging fraud in a securities transaction must specifically allege the acts or omissions upon which his claim rests... A defendant is entitled to a reasonable opportunity to answer the complaint and must be given adequate information to frame a response.

*Ross v. A. H. Robins Co., supra,* 607 F.2d at 558–78; *see Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y. 1977) (Gagliardi, J.) ("there must be a specific identification of what statements were made in what reports and in what respects they were false, misleading or inaccurate or what omissions were made and why the statements are believed to be misleading"). Plaintiff was put on notice by the dismissal of the original complaint that the amended pleading must "identify both the documents alleged to contain violations and the specific statements within them that are false or misleading" (Opinion at p.4), and that there must be a definitive identification of the respects in which those statements were false, misleading or inaccurate, or what omissions were made, and why the statements were believed to be misleading. *Id.*

A. The original complaint was impermissibly premised on information and belief only, and the amended pleading is no more acceptable than the original. Plaintiff has failed to provide a factual basis for what are essentially unsupported and conclusory allegations of fraud. As a matter of superficial appearances, perhaps, the new version purports to be alleged by plaintiff on direct knowledge.[3] However, except for lengthy reference to, quotation from and discussion of various documents disseminat-

---

**2.** Defendants Matthews, Webster, Barron, Meighen, Warren, Borden, Leitch, Runciman, Wadsworth, the Marquess of Abergavenny and the Duke of Wellington.

**3.** The amended complaint at no point asserts that any of its allegations are made on information and belief, and the absence of such mention would ordinarily be taken to mean that its

allegations are made instead on direct knowledge. Paradoxically, plaintiff has responded to this aspect of the motions to dismiss by stating that "while the Amended Complaint does not expressly aver that it is alleged on information and belief *in haec verba,* it is clearly sufficient under the Court's Opinion and Rule 9(b)." (Plaintiff's Memorandum in Opposition, p.26).

ed by Massey, the allegations of the amended pleading are the same as the original, but without the acknowledgement that they are premised on information and belief. As Judge Weinfeld stated in *Gilman Bros., Inc. v. Peat, Marwick, Mitchell & Co.*, [1978] CCH Fed.Sec.L.Rep. ¶ 96,512 at 93,995 (S.D. N.Y.1978):

> plaintiff offers no explanation for how certain matters which were alleged upon information and belief in the original complaint are now alleged upon direct knowledge. When fraud is alleged upon information and belief, the rule requires a plaintiff to furnish a statement of facts upon which the belief is founded, *e.g. Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), not simply to omit the allegation.

In the instant pleading, plaintiff has simply dropped the allegation. Paragraph 1 of the amended complaint [4] alleges that

> The facts alleged herein concerning defendant's conduct are derived from disclosures by a former officer of Massey, a former distributor of Massey products, and a purchaser of Massey equipment; documents disseminated by Massey during and after the class period; reports in the financial press; and a transcript of Massey's annual shareholder's meeting on March 9, 1978.

As will be considered *infra,* the amended complaint has referred to some specific documents and statements therein. Plaintiff has identified neither the reports in the financial press, nor the Massey press releases during the class period on which he purports to rely for information and the source of his belief of a fraud. The new pleading is similarly mute as to the identity of plaintiff's human sources—the former officer, the former distributor, or the purchaser.

Most crucially, plaintiff has failed to indicate how any of these sources, whatever their identity, provide the requisite factual support for the complaint's accusations. Nothing in the complaint shows what knowledge, if any, was gleaned from these sources, and there has been no attempt to link any of the sources to the subsequent allegations in the pleading.

Plaintiff has argued that he is not required to plead evidence, but the fate of the original complaint placed him on notice that his allegations required factual substantiation, and he has not corrected that deficiency. As the Second Circuit has made clear:

> The drafting and filing of any complaint necessarily leads to some disclosure of counsel's work product. When the complaint alleges fraud, Rule 9(b) requires that somewhat more of counsel's investigative efforts be revealed so that the number of unfounded 'strike suits' is minimized and defendants are protected 'from the harm that comes to their reputations or to their good will when they are charged with serious wrongdoing.' *Segal v. Gordon, supra,* 467 F.2d at 607. A suit charging fraud may not be based on facts so secret that the defendants cannot be told what they are. *See Felton v. Walston & Co., supra,* 508 F.2d at 581.

*Segan v. Dreyfus,* 513 F.2d 695, 696 (2d Cir. 1975); *see also Ross v. A. H. Robins Co., supra,* 607 F.2d at 558.

■ B. Plaintiff's exposition of the circumstances constituting fraud is still fatally imprecise, and, even if the necessary facts had been supplied, the amended complaint would still be inadequate. Some eighteen documents have now been identified as containing violations, and certain statements within those documents are alleged to offend the Act.[5] However, the amended

---

4. All references in text to paragraphs refer to the amended complaint.

5. Paragraph 21 of the amended complaint (hereinafter referred to by ¶ number) asserts that "The publicly disseminated documents on which this complaint is based are:" 'the 1975, 1976, and 1977 Annual Reports to Shareholders; the Quarterly Reports to Shareholders for the quarters ending January 31, April 30, and July 31 in 1976 and 1977; the Form 10–K reports filed with the SEC for the years ending October 31, 1975, 1976, and 1977; and the Form 10–Q reports filed quarterly with the SEC during the class period. As plaintiff acknowledges, the complaint alleges that the Form 10–K and 10–Q reports are actionable only to the extent that each repeated the misrepresen-

pleading still fails to comport with the requirements of Rule 9(b) in two respects. In paragraph 22(g), plaintiff makes a blanket reference to "Massey press releases issued and disseminated by Massey throughout the class period," and in paragraph 40, he cites, in a similarly wide-ranging fashion, "Massey's public pronouncements, including those identified." "Plaintiff must state the time, place and content of each financial statement and report which [he] claims misled [him], the manner in which they were alleged to be fraudulent, and what was obtained as a consequence of the fraud." *Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1088. *See also Rich v. Touche Ross & Co.,* 68 F.R.D. 243, 246–47 (S.D.N.Y.1975) (Brieant, J.); *Spiegler v. Wills,* 60 F.R.D. 681, 682 (S.D.N.Y.1973) (Pollack, J.).

■ Further, the specific statements alluded to in the amended complaint do not support plaintiff's allegations of fraud. These statements or omissions fall into three classes: materially deceptive or misleading statements with respect to Massey's financial and operation history and prospects;[6] omissions with respect to same;[7] and false and misleading statements in the financial statements of the Reports to Shareholders.[8]

■ The great bulk of the statements comprising the first two classes simply do not give rise to an inference of fraud. In essence, plaintiff accuses the defendants of having failed to characterize various aspects of Massey's situation with certain pejorative descriptions.[9] *See Goldberger v. Baker,* 442 F.Supp. 659, 664–65 (S.D.N.Y. 1977) (Goettel, J.). His purported particularization of the manner in which these statements or omissions were misleading amounts to conclusory rhetoric, and is insufficient under Rule 9(b). *Denny v. Barber, supra,* 576 F.2d at 469. When plaintiff alleges that certain statements which recite factual data are false or misleading, he does not

tations and omission of the reports to shareholders. ¶ 38.

Defendants have sought to argue that since plaintiff's stock purchases were made in September, 1976, plaintiff himself can rely on only six of the eighteen documents—those issued before his purchases—and that he lacks standing, either individually or as a class representative to complain about those issued after September, 1976. However, all parties entered into a June 13, 1979 stipulation as to class determination which states, in relevant part:

It is hereby stipulated and agreed ... that this action may be maintained as a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who purchased the common stock of Massey-Ferguson Limited during the period from February 1, 1976 through February 14, 1978.

Attempting to minimize the significance of this stipulation, defendants contend that the June 13, 1979 stipulation and order were directed only to the original complaint, and hence would not justify defendant's reliance on the later documents to support his allegations. While the language of the stipulation would appear to defeat this contention as it might bear on the question of dismissing the complaint, there is no need to reach this issue, for the same deficiencies plague the complaint no matter which set of documents is relied on by plaintiff.

6. See ¶¶ 22, 28, 33(c), and 34.

7. See ¶¶ 24, 30, 33(a), 33(b), 33(d), and 36.

8. See ¶¶ 26, 32, 37.

9. Plaintiff cites, for example, the statement

Through product design and manufacturing planning, emphasis continues to be placed upon interchangeability and commonality to obtain cost benefits and servicing flexibility.

Massey-Ferguson has adopted advanced data processing and communications technology and has devised comprehensive management systems to ensure that all aspects of our business are effectively coordinated, planned and controlled.

¶ 22(f). In "explaining" why these statements were false and misleading, plaintiff charges that they

were materially deceptive because they falsely stated that "all aspects of our business are effectively coordinated, planned and controlled" whereas Massey's growth through 1976 was actually haphazard, uncoordinated and unaccompanied by adequate operational, managerial and financial controls or return on investment.

¶ 23(c). *See also* ¶¶ 23(a) and (b), 25, 27, 29, 31, 35, 36(b), 38, and 40. If plaintiff has alleged anything at all with specificity in statements such as these, he asserts a general allegation of corporate mismanagement which is insufficient to state a claim under Rule 10b–5. *See Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 479, 97 S.Ct. 1292, 1304, 51 L.Ed.2d 480 (1977).

challenge the data, but rather asserts that the statements "create a false illusion of a healthy company."[10] (Paragraph 23(a)) Rule 9(b)'s particularity requirement is plainly not satisfied with such an assertion. *See, e.g., Ross v. A. H. Robins Co.* [1978] CCH Fed.Sec.L.Rep. ¶ 96,388 at 93,353 (S.D. N.Y.1978) (Pierce, J.) ("to assert vaguely that a false and misleading impression was created" is not enough under Rule 9(b)); *Spiegler v. Wills, supra,* 60 F.R.D. at 683; *Weinberger v. Kendrick,* 432 F.Supp. 316, 321 (S.D.N.Y.1977) (Duffy, J.). Similarly, when plaintiff alleges that the documents were misleading for failing to report specific factual items, the allegedly omitted facts can be found in the documents themselves.[11] As Judge Pollack stated in *Spiegler v. Wills, supra,* 60 F.R.D. at 683, "the naked assertion of concealment of material facts which is contradicted by published documents which expressly set forth the very facts allegedly concealed is insufficient to constitute actionable fraud."

With perhaps one exception,[12] plaintiff comes closest to meeting Rule 9(b)'s standards in his allegations that Massey's financial statements overstated its assets and understated its liabilities. He charges that Massey's fixed assets, shareholder's equity and net income were overstated because the company and its auditors failed to

---

**10.** For example, ¶¶ 22(a) and (b) recite factual information with respect to Massey's production sales and net income. Plaintiff has not alleged that these recitations are false, but rather that the statements

> when taken together with the apparent growth of Massey's earnings, were materially false and misleading because they created the false illusion of a healthy company operating at record levels. Actually, ... Massey had overextended itself financially and beyond its ability to manage its far flung unintegrated operations.

¶ 23(a). *See also* ¶¶ 29 (characterizing statements in 1976 Annual Report to Shareholders) and 35 (characterizing statements in 1977 Annual Report to Shareholders).

**11.** For example, plaintiff alleges that the 1975 Annual Report was misleading because it failed to acknowledge that

> The Company's share of the North American Market for tractors and related agricultural implements was declining substantially because Massey's research, development, and market efforts were substantially less than those of its competitors in that market, John Deere ("Deere") and International Harvester ("Harvester"). Massey had failed to introduce large horsepower tractors (more than 100 hp) in that market until long after its competitors had done so and failed to market other products comparable to those manufactured by Deere and Harvester.

¶ 24(a). Massey had acknowledged, in the 1975 Annual Report, the factual components of the alleged omission: at p. 3 of the Report, Massey referred to the declining market in North America; and at p. 20, both diminished unit demand in North America and Massey's shift to larger horsepower units for the North American market. Without the specific alleged omissions, all plaintiff has alleged is the general and conclusory charge that the company's management was insufficiently foresighted in the face of changing market conditions.

Plaintiff's other allegations of concealment or omission amount to assertions, on the one hand, that the outlook published by Massey's management turned out not to be realized. But, if the "alleged defect is in failing to predict the unfavorable result of the transactions ... it is not a violation of 10b-5." *Goldberger v. Baker,* 442 F.Supp. 659, 665 (S.D.N.Y.1977) (Goettel, J.). On the other hand, plaintiff's allegations reduce to the charge that Massey was insufficiently forthcoming about the details of its competitive position vis-a-vis Deere and Harvester. It is not a violation of the securities laws that Massey's reports to its shareholders did not provide the detailed analysis that one might expect, perhaps, from a security analyst's report. *See Rodman v. Grant Foundation,* 608 F.2d 64 (2d Cir. 1979); *Seibert v. Sperry Rand Corp.,* 586 F.2d 949 (2d Cir. 1978).

**12.** With respect to both the 1975 and 1976 Annual Reports, plaintiff alleges that the reports omitted to state that the company was making illegal and improper payments to persons who might influence sales, and inflating the purchase price of certain sales by an amount to cover the illegal payments. *See* ¶¶ 24(e) and 30(b). These allegations are arguably sufficient in their specificity to satisfy the requirements of Rule 9(b), and, defendants have in fact moved for summary judgment thereon. However, there is no need to examine these charges at any length to ascertain if they satisfy the pleading requirements, nor is there need to consider if the complaint could be said to satisfy Rule 9(b) if only two of the myriad allegations are sufficiently particular, for it is clear that plaintiff has failed to provide the requisite factual substantiation to support any of his allegations, as is discussed in section I.A, *supra.*

write down the value of certain manufacturing facilities.[13] Decker has failed, however, to allege the amount or the nature of such 'overstatement,' and the general allegation that assets were overstated is clearly inadequate. *See, e.g., Poloron Products, Inc. v. Lybrand Ross Bross Bros. & Montgomery,* 72 F.R.D. 556, 559 (S.D.N.Y.1976) (Conner, J.):

> The present complaint—alluding as it does to defendant's purported "understate[ment] of * * * liabilities" and "overstate[ment] of * * * assets and net worth," addresses only neutral facts that stand beyond the pale of the federal securities laws' antifraud provisions.

By the same token, the charges that Massey's pension expenses were "materially understated" and pre-tax earnings, "overstated," do not suffice. *Goldberg v. Shapiro,* [1974–75] CCH Fed.Sec.L.Rep. ¶ 94,813 at 96,717 (S.D.N.Y.1974) (Metzner, J.). Where plaintiff has concretized his allegations, the given figures were reported by Massey in footnotes to the financial statements, and will not support an accusation for fraud. *Spiegler v. Wills, supra,* 60 F.R.D. at 683.

■ C. When the previous complaint was dismissed, plaintiff was made aware of the need to differentiate amongst the various defendants in alleging wrongdoing. The new pleading has failed to cure this deficiency as well. Except for paragraphs 43–46, which pertain to the individual defendants, and paragraphs 47–52, which accuse Clarkson of various wrongs, the amended complaint has not distinguished which particular acts were supposedly done by which defendants. Instead, the complaint charges wrongdoing in general by all the defendants, on the grounds that "each has engaged in, is engaging in, or has aided and abetted, permitted, or acquiesced in, all or part of the unlawful acts alleged herein." Paragraph 8.

Even those paragraphs addressed solely to the individual defendants fail to associate enumerated wrongful action with particular individuals. Paragraphs 43, 44 and 46 allege wrongdoing generally of the "directors of Massey who are defendants," and fail to cite the defendant's acts which purportedly establish their liability. While plaintiff has attempted to distinguish between the individual defendants and "Massey's other non-defendant directors," he has not controverted defendants' contention that, of the surviving Massey directors, only one person, who became a director with only a month left in the class period, was not sued. Thus, it is apparent that the individual defendants are sued solely in their capacity as directors.

The specific allegations against particular defendants, such as they are, also reduce to allegations of their status, and do not charge specific affirmative acts of any defendant. Defendants Borden, Wadsworth and Leitch are accused of having known certain information as officers or directors of the Canadian Imperial Bank of Commerce, but having failed to disclose that information to the class members. (Paragraph 45(g)). Otherwise, no particular acts are alleged against them. Similarly, defendants Thornbrough, Matthews, Staiger, Warren, and Mitchell are particularized only by their status within Massey—officers, directors or committee members, *see* paragraphs 45(a)–(f)—and not by some specific wrong they are alleged to have committed. No particularization whatsoever is even attempted with respect to the six remaining individual defendants. It is clear that status is not an adequate predicate for liability, *e.g. Leasco Data Processing Equipment Corp. v. Maxwell,* 68 F.R.D. 178, 184 (S.D.N.Y.1974) (Carter, J.), but, except for their status, plaintiff has not distinguished amongst the individual defendants.[14] Thus, it is clear that he has failed to cure the complaint's first inadequacies in differentiating the wrongdoing alleged.

■ In sum, count one of the amended complaint has complied neither with Rule 9(b) in alleging fraud of Massey and the individual defendants nor with the court's

---

13. See ¶¶ 26, 32, and 37.

14. The allegations against defendant Clarkson are considered in section II, *infra.*

previous instructions. The amended complaint, as the original, fails to provide an adequate factual substantiation for its accusations, fails to concretize acceptably the alleged fraud, and fails to differentiate adequately amongst the various defendants as to the wrongdoing committed. Accordingly, count one must be dismissed as against defendant Massey and the individual defendants.

## II

Defendant Clarkson, Massey's auditor for the Reports to Shareholders, has also moved to dismiss count one of the amended complaint. Liability under §§ 10(b) and 20 of the Act may be alleged against an auditor either for some primary wrong on its part, or for aiding and abetting the primary wrongdoing of some other party. *Edwards & Hanly v. Wells Fargo Securities Clearance Corp.*, 602 F.2d 478 (2d Cir. 1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978).

The allegations in the amended pleading do not acknowledge this distinction and fail to specify whether Clarkson is being sued as a primary wrongdoer or an aider and abettor. In a blunderbuss statement, plaintiff has alleged that each defendant

has engaged in, is engaging in or has aided and abetted, permitted or acquiesced in, all or part of the unlawful acts alleged herein,

and that Clarkson is liable pursuant to Section 20(a) of the Act "as a controlling person of Massey with respect to the Company's financial reporting during the class period." Paragraph 8. The remaining allegations against Clarkson, *see* paragraphs 47–52, reduce to the contention that

Clarkson participated in the violation of the integrity of markets for Massey securities in the United States and otherwise caused and contributed to the negative

economic consequences upon which this action is based.

Paragraph 52. Thus, even after plaintiff's attempt to cure the original complaint's defects, Clarkson is still "left to guess which of the illegal acts it is supposed to have participated in." Opinion at 6; *see Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979) (Lasker, J.) (complaint must distinguish between primary and aider and abettor liability).

Quite apart from this deficiency, primary fraud is not adequately alleged against Clarkson. The aiding company allegedly participated in and contributed to the violation of the integrity of the markets for Massey securities by acting as Massey's independent auditor for the class period and, while so acting, violating "generally accepted accounting principles" in the preparation and dissemination of the various Massey documents. As was true of plaintiff's accusations against Massey and the individual defendants, the allegations against Clarkson are entirely lacking in factual substantiation, and fail to allege a basis from which fraud could be inferred. Moreover, the allegations against Clarkson assert either neutral facts or, as is more common, conclusory rhetoric and perjorative descriptions.[15] Thus, the amended complaint has failed to satisfy the requirements of Rule 9(b) with respect to Clarkson as well. *Ross v. A. H. Robins Co., supra*, 607 F.2d at 557; *Gilman Bros., Inc. v. Peat, Marwick, Mitchell & Co., supra* [1978] CCH Fed.Sec.L.Rep. ¶ 96,512 at 93,995.

Nor has the complaint alleged adequately that Clarkson aided and abetted fraud by the other defendants. To make a claim that Clarkson aided and abetted, plaintiff must allege a primary fraud on the part of some other agent or actor, Clarkson's knowledge of the primary fraud and Clarkson's assistance in its consummation. *Edwards & Hanly v. Wells Fargo Securities Clearance Corp., supra*, 602 F.2d at 483 n.5. Clarkson is accused of having participated in the fraud in preparing the financial statements, but, as was already shown, plaintiff's

15. *See* ¶ 48.

charges that the Massey financial statements were inaccurate or misleading do not comply with Rule 9(b). Nor has plaintiff properly alleged circumstances which would constitute substantial assistance by Clarkson. The auditor's purported participation is depicted so broadly as to be without factual content, and what meagre facts have been alleged are themselves neutral only, with conclusory allegations appended to them. Finally, even if the charges against Clarkson had been sufficiently defined, the complaint provides no more factual substantiation for its allegations against Clarkson than it provides against the other defendants. Thus, the amended complaint does not comply with Rule 9(b) in its accusations against Clarkson. *See Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1089–90.

 In fraud actions against accountants, Rule 9(b) also requires that the complaint specify the auditing standard, accounting principle or standard of fair reporting purportedly violated. *See Verace v. New York Stock Exchange* [1976–77] CCH Fed.Sec.L.Rep. ¶ 95,735 at 90,579 (S.D.N.Y.1976) (Pierce, J.). Plaintiff has alleged a series of generally accepted accounting principles as set forth by the Canadian Institute of Chartered Accountants ("CICA") in its Handbook (paragraph 49) and a series of CICA auditing standards (paragraph 50). However, the principles and standards supposedly violated by Clarkson are so broad and indeterminate—for example, the principle of "adequacy and fairness of disclosure requiring information to be presented in a way that facilitates understanding and avoids erroneous implications" (paragraph 49(a))—that it is doubtful that alleging the violation of such standards could possibly put the defendant on notice of the failures with which it is charged. Even if violating such indeterminate standards could constitute participation in a fraud, the amended complaint evades particularizing its allega-

tions by qualifying its accusations: standards were allegedly not followed "in at least the following respect" (paragraph 48), and certain principles, "among others" (paragraph 49), were violated. This lack of particularity also violates Rule 9(b). *See Gross v. Diversified Mortgage Investors, supra,* 431 F.Supp. at 1088 n.1.

### III

The amended complaint contains two counts appended to the one originally alleged—count II, alleging violations of Section 18 of the Act, and count III, alleging common law claims. All defendants have moved to dismiss these additional claims.

For the reasons considered in sections I and II, *supra,* plaintiffs purported § 18 claim fails to comply with Rule 9(b) and thus must be dismissed. *See Denny v. Barber,* 576 F.2d 465, 470 n.4 (2d Cir. 1978) (conclusions regarding Rule 9(b) requirements for claim under Rule 10b–5 apply *a fortiori* to § 18 claims). *See also Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F.Supp. 518, 522–524 (S.D.N.Y.1977) (Werker, J.); *Gross v. Diversified Mortgage Investors, Inc., supra,* 431 F.Supp. at 1093.

 The dismissal of the original complaint did not contemplate that plaintiff could append the § 18 claim. As the Second Circuit made clear in *Ross v. A. H. Robins Co., supra,* 607 F.2d at 545, the legal standards for bringing an action under § 18 are significantly different from those for § 10(b), and the original complaint cannot be regarded as having somehow put defendants on notice of a potential claim under § 18. *Cf. Graboi v. Kibel,* 432 F.Supp. 572, 575 (S.D.N.Y.1977) (Goettel, J.). In particular, Decker had argued at length, in opposing the dismissal of the first complaint,[16] that no § 18 claim was involved. Thus, plaintiff's count for violations of § 18 must be dismissed for this reason as well.

---

**16.** *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [Original Complaint] at 20–22.

Defendants have also argued that the § 18 claim is time barred, for § 18(c) requires that any action thereunder be brought within one year of discovering the violation and, in any event, within three years of the violation's occurring.[17] The second count of the amended complaint, defendants aver, was not brought within the requisite three year's time. Plaintiff has tried to rebut defendant's contention on this score, arguing that filing the original complaint tolled the statute of limitations. For the reasons already adduced, however, the original complaint could not have given satisfactory notice of the § 18 claim, and therefore the original filing did not toll the statute of limitations. *Cf. In re Commonwealth Oil/Tesoro Petroleum Securities Litigation*, 467 F.Supp. 227, 258–61 (W.D.Texas 1979). Accordingly, count II of the complaint must be dismissed.

■ Finally, with the federal counts dismissed, plaintiff's common law claims must be dismissed as well for lack of pendant jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1960); *Federman v. Empire Fire & Marine Insurance Co.*, 597 F.2d 798, 809–10 (2d Cir. 1979).

In sum, plaintiff's amended complaint must be dismissed in its entirety. In view of today's holding, there is no need to reach the jurisdictional motion by the foreign individual defendants, the summary judgment motion or the discovery motions by the various parties.

IT IS SO ORDERED.