MORGENS WATERFALL HOLDINGS, L.L.C., et al., Plaintiffs,

v.

DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, et al., Defendants.

No. 00 CIV. 9527(MP).

United States District Court, S.D. New York.

Feb. 1, 2001.

---

*MEMORANDUM*

POLLACK, Senior District Judge.

The Plaintiffs herein have served an original 89 page Complaint followed by a 103 page Amended Complaint of some 322 paragraphs. A pre-motion hearing was had herein this morning.

The Amended Complaint is dismissed, without prejudice. A second amended complaint may be served herein within 20 days of this date.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because

they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

"When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). This Court has previously dismissed pleadings in violation of Rule 8. *See e.g., Sanitation and Recycling Indus., Inc. v. New York City,* No. 96 Civ. 4134(MP), 1996 WL 316418 (S.D.N.Y. June 10, 1996); *Boruski v. Stewart,* 381 F.Supp. 529 (S.D.N.Y.1974); *Prezzi v. Berzak,* 57 F.R.D. 149 (S.D.N.Y.1972). "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin,* at 42. *See also Simmons,* 49 F.3d at 87.

A complaint alleging violations of common law fraud is also governed by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides, in pertinent part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). Rule 9(b) must be read along with Rule 8(a)(2). *In re Sumitomo Copper Litig.,* 104 F.Supp.2d 314, 319 (S.D.N.Y.2000); *Connolly v. Havens,* 763 F.Supp. 6, 13 (S.D.N.Y.1991). Thus, a "complaint should contain a plain, concise statement of the claims asserted and the relief sought. Fed.R.Civ.P. 8(a). A fraud claim must additionally express and spell out with reasonable clarity the specific factual misconduct relied on—not encased in a thicket of words or legalistic concepts—and should express the basis for the assertion of such charges." *Spiegler v. Wills,* 60 F.R.D. 681, 682 (S.D.N.Y.1973).

"In order to satisfy Rule 9(b), the complaint must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Sibersky v. Borah, Goldstein, Alt-*

schuler & Schwartz, P.C., No. 99 Civ. 3227(JGK), 2000 WL 1448635, at *7 (S.D.N.Y. Sept. 28, 2000) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)). In addition, "Rule 9(b) requires a plaintiff to give every defendant notice as to the specific wrongs with which that defendant has been charged." *Minpeco, S.A. v. Conticommodity Services, Inc.*, 552 F.Supp. 332, 338 (S.D.N.Y.1982) (Lasker, J.). A plaintiff may not circumvent this requirement by identifying the defendants as members of various groups. *Id.* The plaintiff must either state that the activities of each individual defendant within a group were identical or specify the activities of each individual defendant. *Id.*

■ Confronted with a 103 page Amended Complaint, with 322 paragraphs, this Court is faced with a rhetorical exercise in length and forensic embroidery. The Amended Complaint is hopelessly redundant, argumentative, and has much irrelevancy and inflammatory material. It is excessively long-winded, and its wordiness is unjustified. It is hopelessly in violation of the rules of pleading.

A defendant facing this kind of a complaint is forced to select the relevant material from a mass of verbiage. The rule is very simple. The rule is that a pleading contains a short and plain statement of the grounds on which the court's jurisdiction depends, a short and plain statement of the claim and an appropriate demand for the relief the pleader seeks, and that each affirmative pleading should be simple, concise, and direct. This Amended Complaint and its predecessor Complaint do not satisfy any of those requirements.

The pre-motion conference held herein should be an advantage to the pleaders in the sense that they will now know where, in this excessive mass of verbiage, they may wish to curtail the allegations that are involved. That there should be compliance with Rule 8 in this case is so absolutely clear as to not in any way leave Plaintiffs in doubt that Defendants are not going to have to select the relevant material out of the Amended Complaint from this mass of verbiage.

This Amended Complaint is dismissed without prejudice, and Plaintiffs may file an appropriate complaint in concise, direct, simple form and of reasonable length with the particularity required by both Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs have 20 days in which to prepare and serve an amended complaint in conformity with the rules.

So Ordered.